[No. F019599. Fifth Dist. May 24, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
PEDRO SANCHEZ VILLELA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Hilda Scheib, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RANDALL, J.**\*—Appellant was charged with two counts of conspiracy (Pen. Code, § 182, subd. (a)(1)): conspiracy to transport heroin in violation of Health and Safety Code section 11352, subdivision (a); and conspiracy to purchase/possess a controlled substance for sale in violation of Health and Safety Code section 11351. It was alleged he was armed with a firearm in the commission of the charged offenses. An additional count charged he possessed heroin for sale in violation of Health and Safety Code section 11351.

In exchange for a plea of nolo contendere to the charge of conspiracy to transport heroin the remaining charges against appellant were dismissed, as were the enhancing allegations, and he was sentenced to the aggravated term of five years in prison, and ordered to register as a narcotics offender pursuant to the provisions of Health and Safety Code section 11590.[1] He was also ordered to pay a restitution fine of $1,000 pursuant to the provisions of Penal Code section 1202.4.

Appellant contends that it was error to impose a restitution fine without considering his ability to pay. He also maintains there is no basis for requiring him to register as a narcotics offender based upon his conviction of conspiracy to transport heroin. The latter issue is one of first impression.

## DISCUSSION

### I.†

. . . . . . . . . . . . . . . . . . . . . . .

---

\*Judge of the Kern Superior Court sitting under assignment by the Chairperson of the Judicial Council.

[1]Unless otherwise indicated all further statutory references are to the Health and Safety Code.

†See footnote, *ante*, page 54.

## II.

### Can a Person Who Has Been Convicted of Conspiracy to Commit an Offense Listed in Section 11590 Properly Be Required to Register as a Narcotics Offender?

Section 11590, subdivision (a) provides in relevant part: "Except as provided in subdivisions (c) and (d), any person who is convicted in the State of California of any offense defined in Section 11350, 11351, 11351.5, 11352, 11353, 11353.5, 11353.7, 11354, 11355, 11357, 11358, 11359, 11360, 11361, 11363, 11366, 11366.5, 11366.6, 11368, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, 11383, or 11550, or subdivision (a) of Section 11377, or any person who is discharged or paroled from a penal institution where he or she was confined because of the commission of any such offense, or any person who is convicted in any other state of any offense which, if committed or attempted in this state, would have been punishable as one or more of the above-mentioned offenses, shall within 30 days of his or her coming into any county or city, or city and county in which he or she resides or is temporarily domiciled for that length of time, register with the chief of police of the city in which he or she resides or the sheriff of the county if he or she resides in an unincorporated area."

 Appellant contends that, inasmuch as Penal Code section 182, subdivision (a)(1) (conspiracy) is not among the offenses enumerated in section 11590, the registration requirement which was imposed upon him must be stricken. Relying upon several cases which have construed registration statutes to apply only to those offenses they specifically enumerate (*People v. Brun* (1989) 212 Cal.App.3d 951 [260 Cal.Rptr. 850]; *People v. Saunders* (1991) 232 Cal.App.3d 1592 [284 Cal.Rptr. 212]; *In re Bernardino S.* (1992) 4 Cal.App.4th 613 [5 Cal.Rptr.2d 746] and *People v. Jillie* (1992) 8 Cal.App.4th 960 [11 Cal.Rptr.2d 107]) he asserts that the principle *expressio unius est exclusio alterius* requires that we find the trial court erred in requiring him to register as a narcotics offender upon his conviction for conspiracy to transport heroin.

In *People v. Brun, supra*, 212 Cal.App.3d at page 951, the defendant was convicted of possession of methamphetamine for sale in violation of section 11378. He claimed it was error to require him to register as a drug offender because section 11590 did not (at that time) by its terms require registration for violation of section 11378. The *Brun* court agreed. "The Legislature specifically enumerated within section 11590 those particular offenses for which it deemed registration appropriate; violation of section 11378 is not enumerated. . . . In section 11590 the Legislature has expressed an intent to

differentiate between different drug-related crimes and to require registration only for designated ones. Had the Legislature intended to require all drug offenders to register, it could have drafted the statute to accomplish that purpose. The sentencing court is therefore not free to impose registration under section 11590 for convictions of crimes not listed in the statute. If it were otherwise, every sentencing court could nullify the Legislature's decision to treat convictions for different crimes in a different manner." (*People v. Brun, supra,* 212 Cal.App.3d at p. 954.)

There is a distinction between the circumstances in *Brun* and the present case. In *Brun,* the defendant was required to register for a drug offense which was not listed in section 11590. Here, appellant was convicted of conspiracy to commit a drug offense which is listed in section 11590.

In *People* v. *Saunders, supra,* 232 Cal.App.3d at page 1592, the defendant was convicted of assault with intent to commit oral copulation in violation of Penal Code section 220. Section 220 proscribes several different aggravated assaults including assault with intent to commit rape, sodomy or oral copulation. The trial court ordered Saunders to register as a sex offender pursuant to Penal Code section 290. However, although Penal Code section 290 required registration of any person who was convicted of assault with intent to commit rape or sodomy in violation of Penal Code section 220, it did not by its terms require registration of those convicted of assault with intent to commit oral copulation in violation of Penal Code section 220.

In reviewing Saunders's claim of error, this court recognized that it made little if any sense to exclude registration for convictions involving assault with intent to commit oral copulation. Nevertheless, we were constrained by the " 'settled principle of statutory construction that a material change in the phraseology of a legislative enactment is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the statute.' [Citation.] . . ." (*People* v. *Saunders, supra,* 232 Cal.App.3d at p. 1597.) Prior to a 1986 amendment to Penal Code section 290, all violations of Penal Code section 220 required registration. The amended version of Penal Code section 290, however, listed only the offenses of assault with intent to commit rape or assault with intent to commit sodomy; assault with intent to commit oral copulation was no longer included. The court was compelled to agree with *Saunders* that the legislative intent was clear and that the sentencing court exceeded its jurisdiction in ordering registration. (232 Cal.App.3d at p. 1598.)

In re *Bernardino S., supra,* 4 Cal.App.4th at page 613, involved sex offender registration of a minor pursuant to Penal Code section 290. By its

terms, subdivision (d) made Penal Code section 290 applicable only to those minors who had been discharged or paroled from the California Youth Authority (CYA) following commitment for the commission of an enumerated offense. Although Bernardino S. had been found to have committed an enumerated offense, he had not been committed to CYA. Following *Brun* and *Saunders*, the court ordered the registration requirement stricken from the dispositional order: "These cases support the proposition that the legislative determination of who should register and who should not is exclusive, and that the trial court cannot expand the legislative classification through its power to impose conditions of probation. Here the Legislature adopted a classification which exempted appellant from the registration requirement. We conclude the trial court lacked the power to impose such a requirement." (*In re Bernardino S.*, *supra*, 4 Cal.App.4th at pp. 623-624.)

The defendant in *People* v. *Jillie*, *supra*, 8 Cal.App.4th at page 960, was convicted of attempted forcible sodomy, attempted forcible oral copulation, and failure to register as a sex offender. In addition to being sentenced to prison, Jillie was ordered to submit to testing for acquired immune deficiency syndrome pursuant to Penal Code section 1202.1. He challenged the testing requirement, claiming the section by its terms applied only to offenses listed in the statute and not to attempted violations of the listed offenses. Respondent claimed the statute was ambiguous and urged the court to construe the section to cover attempted offenses. The court demurred: "We do not find the statute ambiguous. It expressly identifies the offenses within its scope, all of which are completed offenses. Had the Legislature meant to include attempts among the covered offenses, it could easily have done so as it has done in other instances, for example, Penal Code section 667.5, subdivision (c)(12) specifying attempted murder as one of several violent felonies, and Penal Code section 1192.7, subdivision (c)(27) making an attempt to commit any of the specifically listed felonies also a serious felony. Since the statute is clear and unambiguous, it is not necessary to resort to extrinsic aids for construction. [Citation.]" (*People* v. *Jillie*, *supra*, 8 Cal.App.4th at p. 963.)

Respondent counters appellant's analysis by arguing that the registration requirement of section 11590 is a punishment. It points out that Penal Code section 182, subdivision (a) prescribes punishment for various conspiracies with differing objects and requires that a conspiracy to commit a felony such as a violation of section 11352 "shall be punishable in the same manner and to the same extent as provided for the punishment of that felony." Relying on the holding of *People* v. *Monroe* (1985) 168 Cal.App.3d 1205, 1209 [215 Cal.Rptr. 51], for the proposition that registration is a punishment, it asserts that registration is an appropriate and, indeed, required punishment for one convicted of conspiracy to transport heroin.

Appellant responds by pointing out that the *Monroe* court did not hold registration requirements were punishment. This was not an issue since the court and the parties in that case proceeded under the assumption that it was a punishment in attempting to answer the question whether registration as a sex offender was, under the facts of that case, cruel and unusual punishment.

The *Monroe* case, however, was not the first California case to consider whether a registration requirement was a punishment. *In re Reed* (1983) 33 Cal.3d 914 [191 Cal.Rptr. 658, 633 P.2d 216], found sex offender registration was a form of punishment and therefore subject to the constitutional challenge of cruel and/or unusual punishment. The *Reed* court relied upon the following factors: "In *Kennedy* v. *Mendoza-Martinez* (1963) 372 U.S. 144 [9 L.Ed.2d 644, 83 S.Ct. 544], the United States Supreme Court enumerated the following factors for consideration on this issue: 'Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of *scienter*, whether its operation will promote the traditional aims of punishment-retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point in differing directions.' [Citation.] . . ." (*In re Reed, supra*, 33 Cal.3d at p. 920, fn. in original omitted, original italics.) These factors are relevant considerations, not a "checklist of absolute requirements." (*In re Reed, supra*, 33 Cal.3d at p. 921.)

Applying the formula of *Reed* it seems obvious that narcotics offender registration, like sex offender registration, is a punishment. The sanction does involve an affirmative disability in that it requires the registrant to maintain current registration and subjects him or her to police inquiry in the event crimes similar to those for which he or she has registered occur. The behavior to which it applies is already a crime. Further, anyone who fails to comply with the registration requirement is guilty of a misdemeanor. It is regarded as a penal consequence of conviction and therefore must be the subject of mandatory advisement. (*People* v. *Cotton* (1991) 230 Cal.App.3d 1072, 1083-1084 [284 Cal.Rptr. 757].) Finally, the purpose of drug offender registration, as with sex offender registration, is to "deter recidivism by facilitating the apprehension of past offenders." (See *In re Reed, supra*, 33 Cal.3d at p. 922.)

Since we find that the requirement of narcotics offender registration pursuant to section 11590 is a punishment, we agree with the analysis of respondent that one who is convicted of conspiracy to violate the provisions

of a code section, the completion of which crime would require registration as a narcotics offender, must be required to register as such an offender. Consequently, none of the cases upon which appellant relies are germane to the issue before us.

 It is also logical that one who is convicted of conspiracy to commit an offense where conviction of the underlying offense would require registration likewise be required to register, for proof of conspiracy requires both the specific intent to agree or conspire and the specific intent to commit the offense which is the subject of the conspiracy. (*People* v. *Marks* (1988) 45 Cal.3d 1335, 1345-1346 [248 Cal.Rptr. 874, 756 P.2d 260].) It would be patently absurd to require a person who committed the general intent crime of transporting heroin to register as a narcotics offender while failing to require a person convicted of a crime requiring the formulation of specific intent to transport heroin to register. (See our discussion in *People* v. *Crowles* (1993) 20 Cal.App.4th 114, 118 [24 Cal.Rptr.2d 377].)

## DISPOSITION

The judgment of the trial court is affirmed.

Martin, Acting P. J., and Vartabedian, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 18, 1994.