**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony LAWRENCE, Defendant–Appellant.**

**No. 01–50229.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Filed Aug. 22, 2002.

Alan H. Barbanel, Esq., and Stephen D. Treuer, Esq., Los Angeles, CA, for defendant-appellant.

Patrick K. O'Toole, United States Attorney, Shane P. Harrigan, Assistant United States Attorney, U.S. Attorney's Office, San Diego, CA, for plaintiff-appellee.

Before NOONAN, WARDLAW and BERZON, Circuit Judges.

## OPINION

NOONAN, Circuit Judge.

Anthony Lawrence appeals the order of the district court denying his motion that he not be required to register as a narcotics offender pursuant to California Health and Safety Code § 11590. We hold that the registration required of Lawrence by his probation officer was within the terms of his sentence and violated no constitutional right of Lawrence. Accordingly, we affirm the district court.

## PROCEEDINGS

On May 9, 1994, Lawrence pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On March 4, 1997, he was sentenced to imprisonment of 2 years and to 5 years of supervised release. Among the conditions of supervised release was the following provision:

> As directed by the probation officer, the defendant shall notify persons of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Lawrence did not appeal his sentence.

On August 6, 1999, Lawrence finished his term of imprisonment and began his term of supervised release. His probation officer directed him to register with state authorities as a narcotics offender under

California Health and Safety Code § 11590.

On February 7, 2001, Lawrence asked the district court that he not be required to so register. After a hearing, the district court denied this request, rejecting the arguments that Lawrence again raises before us. The district court concluded that requiring the registration was a reasonable condition of supervised release.

Lawrence appeals.

## ANALYSIS

Lawrence has conceived this case as one requiring him to obey a state statute and argued that under state law he would not be required to register; that he was not given the notice of the registration required by state law; and that the registration is ex post facto punishment forbidden by the constitution. None of these arguments go to the heart of the case, viz. that Lawrence is required by the conditions of his release to obey his probation officer's direction to notify third persons of risks that may be occasioned by his criminal record or personal history or characteristics. No ex post facto issue arises. Nothing prevented the probation officer from using the state registration requirements as a guide to what the probation officer would direct.

We note that California Health and Safety Code § 11594 specifies that registration requirements under § 11590 "shall terminate five years after the discharge from prison, release from jail or termination of probation or parole of the person convicted." California Health and Safety Code § 11594. The probation officer's reference to California law notwithstanding, a "condition of supervised release," by its own terms, can only extend as long as the supervised release lasts. What California law may require is a different issue, but the probation officer's direction before us cannot reach beyond the period of supervised release.

If we assume, without deciding, that Lawrence may object to the officer using the state statute as a reference, his objections are without merit. The state statute requires registration with the chief of police if a person comes into any county or city who has been convicted in federal court "of any offense which, if committed or attempted in this state could have been punishable as one or more of the offenses enumerated in subsection (a)." California Health and Safety Code § 11590(b). Under subsection (a), the furnishing of a Schedule II controlled substance, of which methamphetamine is an instance, is punishable by California law. The crime is understood to include conspiracy to distribute a controlled substance. *People v. Villela,* 25 Cal.App.4th 54, 30 Cal.Rptr.2d 253 (1994). Lawrence's conviction of conspiracy to distribute methamphetamine was a conviction of a drug offense punishable under § 11590(a).

California Health and Safety Code § 11592 requires the warden to obtain a written acknowledgment from the drug offender of the registration requirement. This provision, directed to procedure in a state prison, was not followed by the federal authorities. The absence of this acknowledgment may or may not be a barrier to punishing Lawrence under the state law. It is not a valid objection to the probation officer's direction.

The probation officer's direction, now expressly confirmed by the order of the district court, was well within the "broad discretion" of the sentencing court to set conditions conducive to deterrence and public safety. *United States v. Bahe,* 201 F.3d 1124, 1127 (9th Cir.2000).

As Lawrence's appeal is directed to his sentence, it might be argued that the time to appeal expired 10 days after his sen-

tencing in 1997. Fed. R.App. P. 4(b)(1)(A)(i). The government has not raised this objection, and we believe it was permissible for him to, in effect, petition for clarification of the sentence when the probation officer directed him to register as a narcotics offender. *See United States v. Lilly*, 206 F.3d 756, 761 (7th Cir.2000). Hence his appeal from the order denying his objection was, although unsuccessful, not untimely.

For the foregoing reasons, the order of the district court is AFFIRMED.