[No. H025009. Sixth Dist. Dec. 8, 2003.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent,
JOHN JOSEPH KIRBY, Real Party in Interest.

**COUNSEL**

George W. Kennedy, Joseph V. Thibodeaux and David Pandori for Petitioner.

No appearance for Respondent.

Guyton N. Jinkerson for Real Party In Interest.

**OPINION**

**MIHARA, J.**—Real party John Joseph Kirby was convicted by jury trial of conspiracy to pimp (Pen. Code, §§ 182, 266h) and conspiracy to pander (Pen.

Code, §§ 182, 266i). The probation department determined that Kirby would be a suitable candidate for probation if he was eligible for probation. Respondent the Superior Court of Santa Clara County concluded that Kirby was eligible for probation: "I've never seen a more suitable candidate for probation . . . ." The trial court suspended imposition of sentence and granted Kirby probation conditioned on service of one year in jail.

■ Petitioner the People of the State of California seek a writ of mandate requiring the trial court to deny probation and impose a state prison term. The People argue that Kirby is ineligible for probation under Penal Code sections 182, subdivision (a) and 1203.065. We conclude that these statutes do not preclude probation for conspiracy to pimp or conspiracy to pander and therefore deny the writ petition.

## I. Analysis

The sole issue is one of statutory construction. If Kirby is statutorily ineligible for probation, then the People are entitled to relief. If, on the other hand, he is not statutorily ineligible for probation, then the petition must be denied.

" 'When construing a statute, we "must ascertain the intent of the Legislature so as to effectuate the purpose of the law." ' [Citations.]'[W]e begin with the words of a statute and give these words their ordinary meaning.' [Citation.] If the statutory language is clear and unambiguous, then we need go no further.' [Citation.] If, however, the language supports more than one reasonable construction, we may consider 'a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' [Citation.] Using these extrinsic aids, we 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " (*People v. Sinohui* (2002) 28 Cal.4th 205, 211–212 [120 Cal.Rptr.2d 783, 47 P.3d 629].) "Where reasonably possible, we avoid statutory constructions that render particular provisions superfluous or unnecessary." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 459 [279 Cal.Rptr. 834, 807 P.2d 1063].)

Four statutes are at issue in this case. Penal Code[1] section 182, subdivision (a) provides that (except in certain cases not relevant

---

[1] Subsequent unspecified statutory references are to the Penal Code.

here) a conspiracy offense "shall be punishable in the same manner and to the same extent as is provided for the punishment of that felony." This leads us to the statutes that describe the offenses of pimping and pandering and set forth the applicable punishments for those crimes. The pimping statute describes the punishment as a state prison term of three, four, or six years. "[A]ny person who . . . is guilty of pimping, a felony, . . . shall be punished by imprisonment in the state prison for three, four, or six years." (§ 266h, subd. (a).) Similarly, the pandering statute describes the punishment for pandering as "imprisonment in the state prison for three, four, or six years." (§ 266i, subd. (a).)

These statutes unerringly reflect that conspiracy to pimp and conspiracy to pander are felony offenses and that the "punishment" for each offense is a state prison term of three, four or six years. None of these statutes preclude a grant of probation for conspiracy to pimp or conspiracy to pander. It is a fourth statute upon which the People premise their claim that Kirby is statutorily ineligible for probation. Section 1203.065 provides that, "[n]otwithstanding any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person who is convicted of violating . . . Section . . . 266h [or] 266i . . . ." (§ 1203.065, subd. (a).)

Although defendant was not convicted of violating section 266h or section 266i, and section 1203.065, subdivision (a) does not specify that defendants convicted of any conspiracy offenses are ineligible for probation, the People argue that probation ineligibility is part of the "punishment" for a violation of section 266h or section 266i and therefore section 1203.065's probation ineligibility provision is *necessarily included* in section 182's reference to the "punishment" for the underlying felony. This argument depends entirely on the meaning of section 182 since section 182 is the only statute that is expressly applicable to the offenses of *conspiracy to* pimp and *conspiracy to* pander and therefore necessarily must be the source of any limitation on probation eligibility for those convicted of these conspiracy offenses.

Section 182 provides that these conspiracy offenses "shall be *punishable* in the same *manner* and to the same *extent* as is provided for the *punishment* of" the underlying felony. (Pen. Code, § 182, subd. (a), italics added.) While it is unquestionable that the length of the state prison term provided as punishment for the underlying felony is encompassed within section 182's reference to the "manner" and "extent" of the "punishment," the question we must resolve is whether *probation ineligibility* is encompassed in the "manner" or "extent" of the "punishment" for an underlying felony.

The Penal Code does not identify probation ineligibility as "punishment," (see Pen. Code, § 15), and it has long been accepted that probation is

not punishment but is instead an "act of clemency in lieu of punishment" that is "rehabilitative in nature." (*People v. Howard* (1997) 16 Cal.4th 1081, 1092 [68 Cal.Rptr.2d 870, 946 P.2d 828]; *People v. Mancebo* (2002) 27 Cal.4th 735, 754 [117 Cal.Rptr.2d 550, 41 P.3d 556] ["probation is not punishment"]; (*People v. Gilchrist* (1982) 133 Cal.App.3d 38, 47 [183 Cal.Rptr. 709] ["Probation is not a form of punishment, however, but rather an act of clemency within the sound discretion of the trial court."].) "Probation ineligibility" was recently distinguished from "punishment" by the California Supreme Court with respect to due process. (*Mancebo* at p. 754.) The distinction drawn in *Mancebo* between probation ineligibility and punishment, the Penal Code's failure to identify probation ineligibility as punishment, and the well-accepted principle that probation is not punishment suggest that section 182's reference to "punishment" should not be interpreted to necessarily include any "probation ineligibility" provisions applicable to the underlying felony.

Furthermore, even if section 182 was reasonably susceptible to such an interpretation, other considerations disfavor such a construction of the statute. When the Legislature intends for a probation ineligibility provision to apply to conspiracy counts, it has shown itself to be quite capable of expressly specifying as much in the relevant statute. In section 1203, subdivision (e), the Legislature *twice* explicitly specified that probation was not to be granted, except in unusual cases, to any person convicted of certain specified crimes "*or a conspiracy to commit one or more of those crimes.*" (§ 1203, subd. (e)(1), (5), italics added.) "Where the Legislature makes express statutory distinctions, we must presume it did so deliberately, giving effect to the distinctions, unless the whole scheme reveals the distinction is unintended. This concept merely restates another statutory construction canon: we presume the Legislature intended everything in a statutory scheme, and we should not read statutes to omit expressed language or include omitted language." (*Jurcoane v. Superior Court* (2001) 93 Cal.App.4th 886, 894 [113 Cal.Rptr.2d 483].) If we were to accept the People's contention that section 182 incorporates all probation ineligibility provisions applicable to the underlying felony by its reference to the "punishment" for the underlying felony, we would have to read section 1203.065, subdivision (a) to "include omitted language" *and* treat portions of section 1203, subdivision (e) as surplusage. The rules of statutory construction weigh heavily against such a construction of section 182.

█ We must also consider the fact that the rule of lenity prohibits us from choosing an interpretation of a statute that disfavors a criminal defendant where the statute is at least equally amenable to another reasonable interpretation that is more favorable to a criminal defendant. "When language which is susceptible of two constructions is used in a penal law, the policy of this state is to construe the statute as favorably to the defendant as its language

and the circumstance of its application reasonably permit. The defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of a statute." (*People v. Overstreet* (1986) 42 Cal.3d 891, 896 [231 Cal.Rptr. 213, 726 P.2d 1288].) Here, section 182 is readily amenable to a reasonable interpretation that favors Kirby. Hence, we could not choose the People's proposed interpretation of section 182 even if we deemed it equally reasonable.

An interpretation of section 182's reference to "punishment" that does not include probation ineligibility provisions is not absurd or unreasonable. While the Legislature clearly wished to expose conspirators to the same prison sentence that perpetrators of the underlying felony faced, the Legislature could reasonably have concluded that conspirators who did not actually perpetrate the underlying offense were more amenable to rehabilitation and therefore should not necessarily be deemed ineligible for probation.

We have located no cases that persuade us that our interpretation of section 182 is incorrect. The only superficially similar case that we have discovered is readily distinguishable. *People v. Villela* (1994) 25 Cal.App.4th 54 [30 Cal.Rptr.2d 253] involved a requirement that an offender register as a narcotics offender. The registration statute did not mention the defendant's conspiracy offense but only the underlying felony. The court held that a registration requirement unambiguously fell within the meaning of the word "punishment" as that term was used in section 182 and therefore the defendant was required to register. (*Villela* at pp. 57–61.) Whether *Villela* is right or wrong (see *People v. Castellanos* (1999) 21 Cal.4th 785, 796 [88 Cal.Rptr.2d 346, 982 P.2d 211] ["it does not appear that the Legislature intended the [sex offender] registration requirement to constitute punishment"]), *Villela* does not assist in our analysis here since probation ineligibility is not analogous to a registration requirement, and, as we have already explained, does not necessarily fall within the meaning of "punishment" as that term is used in section 182. The cases cited by the People, *People v. Hames* (1985) 172 Cal.App.3d 1238 [218 Cal.Rptr. 701], and *People v. Orrante* (1962) 201 Cal.App.2d 553 [20 Cal.Rptr. 480], are unhelpful because they did not involve a construction of section 182 or section 1203.065. Both cases were primarily concerned with issues of appealability.

In sum, the People's assertion that Kirby is ineligible for probation is not supported by a proper construction of the relevant statutes. These statutes pose no impediment to the trial court's grant of probation.

## II. Disposition

The petition is denied.

Rushing, P. J., Elia, J., concurred.