Filed 12/10/14  P. v. Thao CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>PETER THAO,<br><br>        Defendant and Appellant. | C075586<br><br>(Super. Ct. Nos.<br>CM036649 & CM039168) |

Defendant Peter Thao appeals from the sentence imposed in case No. CM039168 after he pled guilty to bringing contraband into a jail (Pen. Code, § 4573, subd. (a))[1] and admitted a prior drug conviction (Health & Saf. Code, § 11370.2, subd. (c)).  Defendant contends the trial court erred by imposing an enhancement for the prior drug conviction and an order to register as a drug offender, because neither sanction applies to his current offense.  He asks us to strike the enhancement and the registration order.

The Attorney General agrees that the enhancement must be stricken and the registration requirement could not be imposed based on defendant's current offense.  The Attorney General asserts, however, that registration could be ordered based on

---

[1]  Undesignated statutory references are to the Penal Code.

1

defendant's prior offense (Health & Saf. Code, § 11378) (case No. CM036649), on which the court resentenced defendant when it sentenced him on the current offense.

We shall remand the matter to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the probation report in case No. CM036649, in June 2012 agents executed a search warrant at the residence where defendant lived with his family. In defendant's bedroom they found $13,869 in cash, 179.46 grams of methamphetamine, digital gram scales, baggies, and a cell phone with text messages indicating drug sales. Defendant pled no contest to violating Health and Safety Code section 11378. The trial court imposed the upper term of three years, to be served in county jail.

According to the probation report in case No. CM039168, in July 2013, while defendant was serving his term in case No. CM036649, the jail authorities discovered he was instructing others how to smuggle drugs into the jail. After they did so, the jail authorities immediately located the contraband, which included 5.28 grams of methamphetamine and 4.94 grams of marijuana. The People filed a felony complaint charging defendant with bringing contraband into the jail and alleging his prior conviction.

Defendant pled guilty to the new charge and admitted the prior conviction. When defendant entered his plea it was understood that at sentencing the trial court would also resentence him in case No. CM036649.

The trial court sentenced defendant to an aggregate term of seven years eight months in county jail in case No. CM039168, consisting of four years (the upper term) for the offense plus three years consecutive for the prior conviction enhancement. The court then resentenced defendant in case No. CM036649 to three years (the upper term), stayed except for eight months consecutive to the principal term in case No. CM039168. The court ordered defendant to register as a narcotics offender (Health & Saf. Code,

2

§ 11590), without stating whether the order pertained to case No. CM039168 or case No. CM036649; the abstract of judgment also does not show which case the order relates to.

## DISCUSSION

### I

Defendant contends the three-year enhancement the trial court imposed in case No. CM039168 for his prior drug conviction (Health & Saf. Code, § 11370.2, subd. (c)) was unauthorized, because his current offense (§ 4573, subd. (a)) is not one of those enumerated in the enhancement provision. The Attorney General agrees. We agree with the parties.

Health and Safety Code section 11370.2, subdivision (c) provides: "Any person convicted of a violation of, or of a conspiracy to violate, Section 11378 or 11379 with respect to any substance containing a controlled substance specified in paragraph (1) or (2) of subdivision (d) of Section 11055 shall receive, in addition to any other punishment authorized by law, . . . a full, separate, and consecutive three-year term for each prior felony conviction of . . . Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment." Defendant was not convicted of violating Health and Safety Code section 11378 or 11379 in the current case. Therefore, the prior conviction enhancement could not lawfully be imposed in that case.

A sentence that could not lawfully be imposed under any circumstances is an unauthorized sentence which we may correct in the first instance. (*People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13.) We shall strike the enhancement.

### II

Defendant contends the trial court's order to register as a narcotics offender (Health & Saf. Code, § 11590) was also unauthorized as to case No. CM039168 because his current offense is not enumerated in that statute. The Attorney General agrees that the

3

court could not lawfully order registration in that case, and so do we.  However, we disagree with defendant that the order must be stricken.

Health and Safety Code section 11590, subdivision (a) provides in part:  "Except as provided in subdivisions (c) and (d), any person who is convicted in the State of California of any [of a list of drug-related offenses, including] Section . . . 11378 . . . shall within 30 days of his or her coming into any county or city, or city and county in which he or she resides or is temporarily domiciled for that length of time, register with the chief of police of the city in which he or she resides or the sheriff of the county if he or she resides in an unincorporated area."  The statute does not mention Penal Code section 4573, defendant's current offense.  Therefore, the trial court could not require registration as to case No. CM039168.  (*In re Luisa Z.* (2000) 78 Cal.App.4th 978, 984.)

The Attorney General asserts, however, that we may find the order lawful or modify the judgment so as to make it lawful.  She reasons as follows:  The order could lawfully be imposed as to case No. CM036649, where defendant was convicted of an offense (Health & Saf. Code, § 11378) enumerated in Health and Safety Code section 11590.  The probation report in case No. CM036649 recommended the registration order.  The probation report in case No. CM039168 did not, and the box in the plea form next to the line stating that registration is a possible consequence of the plea was not checked.[2]  The trial court resentenced defendant in case No. CM036649 at the same time as it imposed sentence in case No. CM039168.  The court did not state which case the registration order pertained to, and neither does the abstract of judgment.[3]  Therefore, we should either deem the order made pursuant to case No. CM036649 and affirm, or

_____

[2]  In fact, it appears to have been initially checked and then amended by hand to cancel the check mark.

[3]  Defendant's plea form in case No. CM036649 and the abstract of judgment from defendant's original sentencing in that case are not in the record.

4

remand with directions that the trial court specify it is imposing the order as to case No. CM036649 and prepare an amended abstract of judgment so showing.

We conclude that the registration order was properly made because it is mandatory as to case No. CM036649, on which the trial court resentenced defendant as part of its sentencing order in case No. CM039168.  (See *In re Luisa Z., supra*, 78 Cal.App.4th at p. 984; *People v. Villela* (1994) 25 Cal.App.4th 54, 60-61.)  Absent affirmative evidence in the present record showing that the trial court did not order registration when it originally sentenced defendant in case No. CM036649, or that the trial court did not inform defendant in case No. CM036649 that mandatory registration was a consequence of his plea, we presume it did so.  (Evid. Code, § 664.)  Therefore, its registration order appears to have been merely a reiteration of the order made in the prior case.

We shall remand the matter to the trial court with directions to specify that the registration order pertains to case No. CM036649 and to prepare an amended abstract of judgment so stating.

## DISPOSITION

The three-year term imposed in case No. CM039168 as an enhancement under Health and Safety Code section 11370.2, subdivision (c) is stricken.  The matter is remanded to the trial court with directions to resentence defendant, omitting the enhancement, stating clearly that the registration order pertains to case No. CM036649, and ordering the preparation of an amended abstract of judgment that reflects these changes.  In all other respects, the judgment is affirmed.


             BLEASE     , Acting P. J.

We concur:

     BUTZ     , J.

     MAURO    , J.

5