[No. B121168. Second Dist., Div. Two. July 12, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
TANISHA MONIQUE HARDY, Defendant and Appellant.

**COUNSEL**

Marilyn S. White-Redmond, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Victoria Bedrossian and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BOREN, P. J.**—Tanisha Monique Hardy appeals from the judgment entered following a jury trial that resulted in her conviction of first degree murder (Pen. Code, § 187; count 1) and attempted robbery (Pen. Code, §§ 664, 211; count 2) with findings that she used a firearm during her commission of both offenses (Pen. Code, § 12022.5, subd. (a)(1)) and that she committed murder during the attempted commission of robbery (Pen. Code, § 190.2, subd. (a)(17)). She admitted that she had a prior robbery conviction (Pen. Code, § 211) that was alleged as a prior serious felony conviction within the meaning of Penal Code section 667, subdivision (a)(1), and as a qualifying prior felony conviction (strike) under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12).

On count 1, appellant was sentenced to a total determinate prison term of nine years and a consecutive indeterminate term of life without possibility of parole. The court ordered the term of life without possibility of parole doubled to comply with the three strikes law. The determinate term on count 1 consisted of four years for the gun use and five years for the prior serious felony conviction enhancement under Penal Code section 667, subdivision (a)(1). On count 2, appellant was sentenced to a total prison term of 10 years, but execution of that sentence was stayed pursuant to Penal Code section 654.

Appellant contends that the trial court erred in doubling her sentence of life without the possibility of parole. She also contends that the trial court erroneously doubled the nine-year determinate term.

### FACTS

Viewed in the light most favorable to judgment (*People* v. *Bradford* (1997) 15 Cal.4th 1229, 1329 [65 Cal.Rptr.2d 145, 939 P.2d 259]), the evidence established the following. During the afternoon of August 7, 1996, appellant pointed a gun at Filadelfo Ronces, a snow cone vender, and demanded his money. Ronces said he did not have any. Appellant then shot him three times. Two of the shots were fatal. After having been advised of her rights under *Miranda* v. *Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974], appellant told the police that she demanded Ronces's money, that he ran across the street, and that she followed him. She shot him two or three times, but did not get any money from him.

In appellant's defense, Dr. Gloria Keyes, a psychiatrist, testified that appellant had major depression with psychotic features, including paranoia.

Dr. Keyes had prescribed psychiatric medication for appellant. Appellant testified that she demanded that Ronces give her his money. He then made a derogatory comment to her in Spanish. Ronces said something else in Spanish and went across the street. Appellant pulled a gun, followed him across the street, and demanded to know what he had said. She had last taken her medication on August 1. When she pulled the gun, she no longer wanted to take Ronces's money. Appellant and Ronces struggled over the gun. Appellant gave conflicting testimony whether she shot him.

In rebuttal, Guillermo Sanchez testified that appellant pushed Ronces across the street, held a gun to his neck, and demanded his money three times. Sanchez told Ronces in Spanish to give appellant his money, and Ronces told Sanchez in Spanish that he did not have any. Appellant pointed the gun at Ronces's head, and appellant and Ronces struggled over the gun. Appellant then shot Ronces three times.

Los Angeles Police Detective Wallace Tennelle testified that, when he and another detective had interrogated appellant, she did not say that Ronces had insulted her.

## DISCUSSION

 In sentencing appellant, the trial court stated: "[The] jury having found the defendant guilty of first degree murder, count one[,] and finding true the special circumstance pursuant to [Penal Code section] 190.2[, subdivision] (a)(17), the defendant[] is sentenced to state prison for life without the possibility of parole. Because . . . of the allegation of the strike prior having been found true, that life without possibility of parole term is doubled. Jury found true the [Penal Code section] 12022.5 allegation. The court imposes the determinate term of four years as to that. . . . As to the [Penal Code section] 667[, subdivision] (a)(1) allegation, court impose[s] the term of five years. As to the determinate term of nine years[, it is to be] served prior to the indeterminate term of life without possibility of parole[,] which is doubled. So nine plus nine without possibility of parole times two [sic]." The minute order for the sentencing hearing states: "Defendant is sentenced to the base term of life without the possibility of parole[,] doubled[,] plus 9 years."

In view of the minutes of the sentencing hearing and the full context of the court's comments at that hearing, it is apparent that the second "nine" in the language "nine plus nine without possibility of parole times two" was a clerical error. It is obvious the court either intended to say "nine plus life without possibility of parole times two" or actually so stated. That language

contains an ambiguity as to whether the doubling applied solely to the sentence of life without possibility of parole or also applied to the determinate term of nine years. ██ In sentencing a defendant who has one prior strike, the court may not double any enhancements it imposes. (See *People* v. *Dominguez* (1995) 38 Cal.App.4th 410, 424 [45 Cal.Rptr.2d 153]; *People* v. *Martin* (1995) 32 Cal.App.4th 656, 666 [38 Cal.Rptr.2d 776].) ██ Before imposing sentence, the court stated that it intended to double the indeterminate term of life without possibility of parole, but did not state that it intended to double the enhancements. In view of the full context of the court's comments at the sentencing hearing and the minutes of that hearing, it is apparent that the court did not double the enhancements.

Penal Code section 667, subdivision (e)(1), describes how a sentence is calculated under the legislative version of the three strikes law if the defendant has one prior strike. Penal Code section 667, subdivision (e), provides in pertinent part: "[I]n addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] (1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." Penal Code section 1170.12, subdivision (c)(1), governs sentencing of a defendant under the initiative version of the three strikes law when the defendant has one prior strike. Penal Code section 1170.12, subdivision (c)(1), has language virtually identical to the language of Penal Code section 667, subdivision (e)(1). Neither section expressly describes how a second strike defendant is to be sentenced if the current offense is one for which a defendant with no prior strike would receive a sentence of life without possibility of parole.

In construing Penal Code sections 667, subdivision (e)(1), and 1170.12, subdivision (c)(1), we are guided by the stated purpose of the three strikes law—"to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (Pen. Code, § 667, subd. (b); Ballot Pamp., text of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 64; see *People* v. *Deloza* (1998) 18 Cal.4th 585, 594-595 [76 Cal.Rptr.2d 255, 957 P.2d 945].) A doubled sentence of life without possibility of parole is consistent with Penal Code section 669, which provides in pertinent part: "Life sentences, whether with or without the possibility of parole, may be imposed to run consecutively with one another . . . ." By doubling the sentence of life without possibility of parole, the court essentially sentenced appellant to two consecutive terms of life without possibility of parole.

We disagree with appellant's contention that doubling a sentence of life without possibility of parole is absurd. "There are reasons . . . to permit

imposition of multiple LWOP [life without possibility of parole] sentences. . . . [I]t is a remote but real possibility that one or another of the sentences might be commuted by the governor. . . . [Imposing multiple LWOP sentences] will ensure that a defendant will still serve an LWOP sentence in the unlikely event all but one LWOP [sentence] should be commuted." (*People* v. *Garnica* (1994) 29 Cal.App.4th 1558, 1564 [35 Cal.Rptr.2d 229].)

In *People* v. *Jefferson* (1999) 21 Cal.4th 86, 99, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441], the Supreme Court held that, in attempting to comply with the sentence-doubling requirement of Penal Code section 667, subdivision (e)(1), the trial court erred in doubling life sentences imposed for attempted murders committed with premeditation and that, since the attempted murders had been found to have been committed on behalf of a criminal street gang (Pen. Code, § 186.22, subd. (b)), the court should have doubled the 15-year minimum term under Penal Code section 186.22, subdivision (b)(4). *Jefferson* did not consider how the sentence-doubling provisions of the three strikes law should be construed when the current offense is one for which the sentence would otherwise be life without possibility of parole.

In view of the intent of the Legislature and voters that persons with prior strikes serve longer sentences, we construe the language of the three strikes law prescibing that the "minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction" (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)) when the defendant has one prior strike as meaning that, when the current offense is one for which the sentence would otherwise be life without possibility of parole, the term of life without possibility of parole must be doubled.

### DISPOSITION

The judgment is affirmed.

Nott, J., and Zebrowski, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 20, 1999. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.