[No. S119975. July 14, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
SYED ABIEDA ATHAR, Defendant and Appellant.

COUNSEL

Beatrice C. Tillman, under appointment by the Supreme Court, and Chris Truax, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary R. Schons, Assistant Attorney General, Robert M. Foster, Jeffrey J. Koch and Steven T. Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CHIN, J.—A jury found defendant Syed Abeida Athar guilty of conspiracy to engage in money laundering in violation of the general conspiracy statute, Penal Code section 182, subdivision (a)(1).[1] Defendant was not charged with (or convicted of) money laundering itself under section 186.10, subdivision (a). The trial court sentenced him to a two-year term for the base crime of conspiracy, and imposed a four-year enhancement under section 186.10, subdivision (c)(1)(D).

We granted review to decide whether the trial court may impose an enhancement under section 186.10, subdivision (c), for money laundering when the defendant is not convicted of money laundering under section 186.10, subdivision (a), but is convicted of conspiracy to commit that offense under section 182. Under section 182, subdivision (a), a conspirator is to receive punishment "in the same manner and to the same extent as is provided for the punishment of" the target felony. Applying this provision, we conclude that the enhancement provisions of section 186.10, subdivision (c), do apply when the defendant has been convicted of conspiracy to commit money laundering but not of money laundering itself.

## FACTS AND PROCEDURAL HISTORY

We summarize the relevant facts and procedural history as presented by the Court of Appeal.

Beginning in July 1994, defendant and some friends began to sell counterfeit Microsoft software. The partners established various fictitious businesses to conceal the unlawful sales and took the profits for themselves. They distributed the profits by depositing them into various bank accounts and

---

[1] Unless otherwise stated, all further statutory references are to the Penal Code.

transferring them by check, cashier's check, and cash to other accounts. Between August 1994 and September 1996, defendant and his partners engaged in nearly 300 transactions, and over $2.5 million was eventually transferred.

Since June 1996, Microsoft had been receiving complaints about the counterfeit software and had alerted the San Diego Police Department of the scheme. Based on the information received, police arrested defendant on September 6, 1996. The search following arrest turned up 1,100 to 1,300 units of counterfeit software in defendant's possession.

An indictment was filed in 1999, charging defendant and his partners with conspiracy to engage in money laundering and to manufacture a counterfeit mark. (§§ 182, 350, subd. (d)(3).) The indictment alleged approximately 55 overt acts, some occurring as early as July 1994. The indictment further alleged that "the value of the transaction or transactions exceeds two million five hundred thousand dollars ($2,500,000), in violation of Penal Code section 186.10 (c)(1)(D)." The indictment did not charge defendant with money laundering under section 186.10, subdivision (a), although several of his partners were so charged. Defendant was charged, however, with possession for sale of 1,000 or more counterfeit marks in violation of section 350, subdivision (d)(3).

As relevant here, a jury convicted defendant of conspiracy to commit money laundering. (§ 182, subd. (a)(1).) The jury also found that the value of the transactions was in excess of $2,500,000, the statutory minimum required for imposing a four-year enhancement following a conviction for the substantive crime of money laundering. (§ 186.10, subd. (c)(1)(D).) The trial court sentenced defendant to two years for conspiracy and four years for the money laundering enhancement under section 186.10, subdivision (c)(1)(D). The court then stayed the entire sentence and imposed five years' probation conditioned on one year in the county jail and various fines and restitution.

The Court of Appeal affirmed the judgment. Defendant petitioned for review, raising certain issues, but failed to question whether he should have received the money laundering enhancement because he was not charged or convicted of money laundering. We granted and transferred the case so the Court of Appeal could consider that issue.

A majority of the Court of Appeal held that money laundering enhancements apply to the charge of conspiracy to commit money laundering. We granted defendant's petition for review limited to the money laundering enhancement issue.

## DISCUSSION

Section 182, subdivision (a), provides that conspiracy to commit felonies other than those specifically identified "shall be punishable in the same manner and to the same extent as is provided for the punishment of that felony." (§ 182, subd. (a).) Section 186.10, subdivision (c)(1), provides possible enhancements for money laundering, stating, among other things, that "Any person who is punished under subdivision (a) by imprisonment in the state prison shall also be subject to an additional term of imprisonment in the state prison as follows: [¶] . . . [¶] (D) If the value of the transaction or transactions exceeds two million five hundred thousand dollars ($2,500,000), the court . . . shall impose an additional term of imprisonment of four years." (§ 186.10, subd. (c)(1).)[2]

The Court of Appeal majority upheld defendant's conspiracy conviction and application of the money laundering enhancement based on the fact that conspirators under section 182, subdivision (a), must be punished "in the

---

[2] When defendant's conduct began, the enhancement provision in section 186.10 stated, in pertinent part:

"(a) Any person who conducts or attempts to conduct a transaction or more than one transaction within a 24-hour period involving a monetary instrument or instruments of a total value exceeding five thousand dollars ($5,000) through one or more financial institutions (1) with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any criminal activity, or (2) knowing that the monetary instrument represents the proceeds of, or is derived directly or indirectly from the proceeds of, criminal activity, is guilty of the crime of money laundering. . . . [¶] A violation of this section shall be punished by imprisonment in the county jail for not more than one year or in the state prison, by a fine of not more than two hundred fifty thousand dollars ($250,000) or twice the value of the property transacted, whichever is greater, or by both that imprisonment and fine. [¶] . . . [¶]

"(c)(1) Any person who is punished under subdivision (a) by imprisonment in the state prison shall also be subject to an additional term of imprisonment in the state prison as follows: [¶] . . . [¶]

"(D) If the value of the transaction or transactions exceeds two million five hundred thousand dollars ($2,500,000), the court, in addition to and consecutive to the felony punishment otherwise prescribed by this section, shall impose an additional term of imprisonment of four years.

"(2)(A) An additional term of imprisonment as provided for in this subdivision shall not be imposed unless the facts of a transaction or transactions, or attempted transaction or transactions, of a value described in paragraph (1), are charged in the accusatory pleading, and are either admitted to by the defendant or are found to be true by the trier of fact.

"(B) An additional term of imprisonment as provided for in this subdivision may be imposed with respect to an accusatory pleading charging multiple violations of this section, regardless of whether any single violation charged in that pleading involves a transaction or attempted transaction of a value covered by paragraph (1), if the violations charged in that pleading arise from a common scheme or plan and the aggregate value of the alleged transactions or attempted transactions is of a value covered by paragraph (1)." (Stats. 1994, ch. 1187, § 2, pp. 7167–7168.)

same manner and to the same extent" as those convicted of the "target felony," i.e., money laundering.

The Court of Appeal, relying on the plain meaning rule, concluded that section 186.10, subdivision (c), requires the enhancement because it does not specifically prohibit it. (See *People v. Gardeley* (1997) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713] (*Gardeley*) [when statutory language is clear and unambiguous, and not susceptible of more than one meaning, courts should not engage in statutory construction].) The court observed that "[h]ad the Legislature intended to apply the money laundering enhancements to only those persons convicted of the substantive offense of money laundering, it would have so provided in subdivision (c) of section 186.10." Therefore, the court reasoned, because the Legislature did not exclude conspiracy actions from the enhancement provisions, the enhancement here was mandatory.

The People agree, asserting that the requirement of the conspiracy statute that one convicted of conspiracy must be punished "in the same manner and to the same extent" as provided for the punishment of the target offense, means that defendant is deemed punished under section 186.10. As the People observe, by its terms, section 186.10, subdivision (c), does not require a court to convict defendant of the target offense, but instead that he be punished *under* section 186.10, subdivision (a). Relying on *People v. Kramer* (2002) 29 Cal.4th 720 [128 Cal.Rptr.2d 407, 59 P.3d 738] (*Kramer*), the People add that section 182's requirement that a defendant be punished for, as opposed to convicted of, the felony with the "greater maximum term" (§ 182, subd. (a)) demonstrates a legislative intent to incorporate enhancements into any conspiracy conviction.

Justice McDonald's dissent argued that the mere fact that section 182 refers to the target crime to determine the punishment for conspiracy does not mean one is deemed punished for the target crime. "[Defendant] did not commit the crime of money laundering . . . he committed the crime of conspiracy. Therefore, he was punished under the conspiracy statute for committing the crime of conspiracy; he was not punished under the money laundering statute because he did not commit the crime of money laundering."

We agree with the Court of Appeal majority and the People. It is true, as defendant contends, that conspiracy is separate and distinct from the substantive crime that is its object. But we cannot ignore the fact that the punishment for a conspiracy to commit the felony of money laundering is the same as that for money laundering. (§ 182, subd. (a).)

*Kramer, supra,* 29 Cal.4th 720, supports the People's contention. In *Kramer*, we applied amended section 654 to decide the proper punishment in

a case in which the defendant fired a gun at a moving car containing two occupants, and was convicted of both discharging a firearm at an occupied vehicle (§ 246), and assault with a firearm (§ 245, subd. (a)(2)). (*Kramer, supra*, 29 Cal.4th at p. 722.) Amended section 654 provides that when an act or omission is punishable in different ways by different provisions of law, it "shall be punished under the provision that provides for the longest potential term of imprisonment . . . ." (§ 654, subd. (a).) *Kramer* observed that the punishment for violating section 246 is three, five, or seven years, while the punishment for violating section 245, subdivision (a)(2), is two, three, or four years. (*Kramer, supra*, 29 Cal.4th at p. 722.)

Viewed in isolation, section 246 provided for the longest potential term of imprisonment and, under section 654, would be the applicable statute for sentencing defendant. (*Kramer, supra*, 29 Cal.4th at p. 722.) However, because the section 245, subdivision (a)(2), count was eligible for the firearm-use enhancement of section 12022.5, subdivision (a), while the section 246 count was not, we held that the assault charge under section 245, subdivision (a)(2), provided for a longer potential term of imprisonment as long as the firearm-use enhancement was included as part of the defendant's punishment. We concluded that "[t]he statutory language seems clear. Nothing in that language excludes enhancements." (*Kramer*, at p. 723.) We therefore determined that the court must consider enhancements in determining which penal provision provides for the longest potential term of imprisonment for the target felony. (*Ibid.*; § 654, subd. (a).) As the People observe, *Kramer*'s conclusion that a "term" is not limited to the base term applies with equal force to the punishment for the crime of conspiracy under section 182, subdivision (a).

Defendant relies on *People v. Hernandez* (2003) 30 Cal.4th 835 [134 Cal.Rptr.2d 602, 69 P.3d 446] (*Hernandez*), where we considered to what extent a court can attach a special penal provision to conspiracy rather than to the underlying crime itself. The substantive question in *Hernandez* was whether the punishment specified for a financial-gain special circumstance could be added to the penalty for conspiracy to commit murder. (*Id.* at p. 864.) We held that the special circumstance does not apply to conspiracy to commit murder. (*Id.* at p. 870.)

In *Hernandez*, the jury convicted the defendant of first degree murder and conspiracy to commit murder under section 182, subdivision (a). (*Hernandez, supra*, 30 Cal.4th at p. 864.) Finding that the defendant committed the crimes in exchange for heroin and cocaine, the jury applied the financial-gain special circumstances for a sentence of life imprisonment without possibility of parole for the crime of conspiracy. At issue were two statutory provisions: (1) section 182, subdivision (a), which states that when two or more persons

conspire to commit murder, "the punishment shall be that prescribed for murder in the first degree"; and (2) section 190.2, subdivision (a), which provides that " '[t]he penalty for a defendant who is found guilty of *murder in the first degree* is death or imprisonment in the state prison for life without the possibility of parole if one or more . . . special circumstances has been found . . . true . . . .' " (*Hernandez, supra*, 30 Cal.4th at p. 865.)

*Hernandez* recognized that the question whether the penalty for the special circumstances in section 190.2 may apply to the crime of conspiracy to commit murder turned on statutory construction. (*Hernandez, supra*, 30 Cal.4th at p. 865.) Applying standard rules of statutory construction, we held that the penalty for the special circumstances does not apply to conspiracy to commit murder. (*Id.* at p. 870.) First, nothing in the wording of the statutes governing special circumstances indicated that the voters who enacted the death penalty law intended for the special circumstances to apply to conspiracy. (*Id.* at pp. 865–866.) Scrutinizing the wording of the initiative, we held that the provisions strongly implied that special circumstances may be charged as to the crime of murder only. (*Id.* at p. 866.)

*Hernandez* next observed that the crime of conspiracy was not mentioned in either the text of the 1978 death penalty measure, or the official ballot pamphlet for the election adopting that measure. (*Hernandez, supra*, 30 Cal.4th at p. 866.) Indeed, it was not clear in 1978 that capital punishment for an unsuccessful conspiracy to commit murder was permitted under the federal Constitution. (*Id.* at p. 867.) We noted that were we to construe section 190.2 to include conspiracy, that crime would require a substantially more severe punishment than that imposed for attempted premeditated murder, thus creating an irreconcilable disparity between the otherwise similar offenses of attempt and conspiracy. (*Hernandez*, at pp. 867–868.) After also finding that allowing the death penalty for crimes not involving murder could raise potential constitutional problems, we concluded that the 1978 law should not be read to allow capital punishment for the conspiracy to commit murder. (*Id.* at pp. 869–870.)

In addition, *Hernandez* reasoned that the rule of construction that requires us to resolve statutory ambiguities in favor of the defendant bolstered the conclusion that the special circumstances enhancement should not apply to the crime of conspiracy. (*Hernandez, supra*, 30 Cal.4th at p. 869.) What we term the rule of lenity compels this result when the statute "is susceptible of two constructions." (*People v. Overstreet* (1986) 42 Cal.3d 891, 896 [231 Cal.Rptr. 213, 726 P.2d 1288]; see also *People v. Lee* (2003) 31 Cal.4th 613, 627 [3 Cal.Rptr.3d 402, 74 P.3d 176].) Therefore, *Hernandez* held that the enhancement does not apply to the crime of conspiracy. (*Hernandez, supra*, 30 Cal.4th at p. 870.)

■ We find initially that the statutory construction principles we addressed in *Hernandez* do not help defendant. The purpose of the amendment adding the enhancements to section 186.10 was to stop "the deluge of drug proceeds being laundered through California based financial institutions" and "further deter money laundering [and] more effectively punish launderers." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 3205 (1993–1994 Reg. Sess.) June 2, 1994, pp. 2–3.) Because the money laundering process typically involves more than one person, and often large criminal networks, it is reasonable for us to find that the enhancements under section 186.10, subdivision (c), were intended to control large-scale laundering and the conspiracies that necessarily underlie the criminal operation. In *Hernandez* we found just the opposite, that there was nothing to indicate that the voters who enacted the 1978 death penalty law intended for the special circumstances to apply to conspiracy. (*Hernandez, supra*, 30 Cal.4th at pp. 865–866.)

■ The rule of lenity also does not assist defendant. Under that principle, when "two reasonable interpretations of the same provision stand in relative equipoise, i.e., that resolution of the statute's ambiguities in a convincing manner is impracticable," we construe the provision most favorably to the defendant. (*People v. Jones* (1988) 46 Cal.3d 585, 599 [250 Cal.Rptr. 635, 758 P.2d 1165].) Defendant urges us to apply this rule because, he argues, section 182, subdivision (a), is susceptible of two equally convincing interpretations: (1) the enhancement provisions apply to an individual who "conducts or attempts to conduct" (§ 186.10, subd. (a)) money laundering and not to those who engage in the crime of conspiracy only; or (2) because section 182, subdivision (a), states that the conspiracy is "punishable in the same manner and to the same extent as is provided for the punishment of that felony," the enhanced punishment of section 186.10, subdivision (c)(1)(D), is part of the punishment for the felony of conspiracy to engage in money laundering.

As the People observe, however, our holding in *Hernandez* was informed only partially by the rule of lenity. Unlike *Hernandez*, here the application of the section 186.10, subdivision (c), enhancements does not involve imposition of the death penalty without a murder, or any penalty that would raise serious constitutional concerns. In addition, if we apply the enhancements to defendant's conspiracy conviction, there will be no disparity between the punishment for attempt to launder money and for conspiracy. An attempt, like a conspiracy, is also punished under section 186.10, subdivision (c).

■ Defendant next contends that the legislative mandate of section 182, subdivision (a), that conspiracy to commit a felony is punishable "in the same manner and to the same extent as is provided for the punishment of that

*felony*" (italics added), refers to the felony of money laundering without any enhancements, i.e., to the base term. We are not convinced. The statute specifically refers to the "punishment of that felony" (§ 182, subd. (a)) and thus includes all punishment for money laundering, including enhancements, depending on how much money was laundered, and whether the amount laundered was pled and proven. (§ 186.10, subd. (c).)

Defendant also relies on Health and Safety Code section 11370.4, subdivision (a). There, the Legislature specifically provided for enhancements where a "person [has been] convicted of a violation of, or of a conspiracy to violate," certain other drug trafficking offenses. (Health & Saf. Code, § 11370.4, subd. (a).) Defendant reasons that had the Legislature intended for the enhancement provisions to apply to conspiracy to engage in money laundering, it would have so indicated. According to defendant, nothing in the legislative history of section 186.10 demonstrates the Legislature intended to apply the enhancements to a conspiracy charged under section 182, subdivision (a). He contends that if we construe the punishment provision of the conspiracy statute under section 182, subdivision (a), as including the enhancement provisions of section 186.10, subdivision (c), we would render superfluous the Legislature's express reference to conspiracy in the drug trafficking enhancement statute. (See Health & Saf. Code, § 11370.4, subd. (a).)

■ The Court of Appeal and the People, however, rely on statutory plain language to distinguish Health and Safety Code section 11370.4 from Penal Code section 186.10, subdivision (c), because the former statute refers to someone "convicted" of a drug offense, while section 186.10, subdivision (c), applies to anyone who is "punished under" section 186.10, subdivision (a). Prior to 1989, Health and Safety Code section 11370.4 enhancements applied to persons "convicted" of the specified drug trafficking offenses only, and did not include persons convicted of conspiracy to violate those sections who were punished under those sections. (Stats. 1985, ch. 1398, § 3, pp. 4948–4949; see *People v. Duran* (2001) 94 Cal.App.4th 923, 939–940 [114 Cal.Rptr.2d 595].) The Legislature then amended the statute in 1989 specifically to include conspiracies to violate the relevant drug trafficking offenses. (See Stats. 1989, ch. 1326, § 2.5, pp. 5327–5328.) Therefore, because the initial statutory language may have created some doubt as to its applicability, the Legislature could have believed it was necessary to amend the statute in order to apply the statutory enhancements to conspirators because those enhancements had been limited specifically to persons convicted of the target offense. The general plain meaning expressed in section 182, subdivision (a), that a conspirator will be punished in the same manner and to the same extent as one convicted of the underlying felony, does not require additional legislative clarity. ■ (See *Gardeley, supra,* 14 Cal.4th at p. 621 [clear statutory language does not require construction].)

The People also rely on the reasoning in *People v. Villela* (1994) 25 Cal.App.4th 54 [30 Cal.Rptr.2d 253]. *Villela* extended the registration requirement for narcotics offenders under Health and Safety Code section 11590 to those convicted of conspiracy to commit a drug offense. (*Villela*, at pp. 59–60.) The defendant maintained that the registration requirement should not apply to a conspiracy conviction under Penal Code section 182 because the Health and Safety Code did not list a section 182 conspiracy as an included offense. (*Villela*, at p. 57.) *Villela* reasoned that the registration requirement, though not an enhancement, was a punishment and concluded that the Legislature intended to subject conspirators to the same punishment as that imposed for perpetrators of the underlying felony. (*Id.* at pp. 60–61; § 182, subd. (a).) *Villela* held, therefore, that it would be appropriate to punish the defendant to the same extent as one convicted of the target felony, which included registration as a narcotics offender. (*Villela*, at pp. 60–61.)

■ Defendant contends that *Villela* erred in concluding that the additional registration requirement was equal to a punishment. (See *People v. Castellanos* (1999) 21 Cal.4th 785 [88 Cal.Rptr.2d 346, 982 P.2d 211] [sex offender registration is not punishment for ex post facto purposes].) As the People observe, however, even if we assume the court incorrectly called the additional registration requirement a punishment, the court was correct in reasoning that section 182 requires sentencing to the same extent as the underlying target offense, and that the sentencing is not limited to the base term of that offense.

## CONCLUSION

■ Applying the principles discussed above, we conclude that the enhancements set forth in section 186.10, subdivision (c), apply to a conviction of conspiracy to commit money laundering under section 182, subdivision (a). We therefore affirm the Court of Appeal judgment.

George, C. J., Baxter, J., and Werdegar, J., concurred.

**KENNARD, J.,** Dissenting.—Penal Code section 186.10, subdivision (c)(1)(D), requires that in sentencing a defendant convicted of money laundering, a trial court must impose an additional four-year prison term if the value of the unlawful transactions exceeded $2.5 million. Although defendant here was not convicted of money laundering, the majority concludes that the trial court properly imposed an additional four-year term to be served consecutive to defendant's two-year prison sentence for the crime of conspiracy. I disagree. Analysis of the wording of the statutory provisions at issue, comparison of that wording with analogous sentencing laws, and review of the legislative history of the money laundering statute leave me

highly doubtful that the Legislature intended for the additional prison term for high-value money laundering transactions to attach to a sentence for the crime of conspiracy. Under the rule of lenity, doubts of this magnitude and nature must be resolved in defendant's favor.

Subdivision (a) of Penal Code section 186.10 defines the crime of money laundering and states that it "shall be punished by imprisonment in a county jail for not more than one year or in the state prison . . . ." When a crime is made punishable by imprisonment in state prison, and the term is not otherwise specified, the state prison term may be 16 months (the lower term), two years (the middle term), or three years (the upper term). (Pen. Code, § 18.) Thus, the punishments that a trial court may impose for the crime of money laundering, without more, are imprisonment in a county jail for one year or imprisonment in the state prison for a term of 16 months, two years, or three years. If the trial court imposes a state prison sentence, rather than a county jail sentence, the crime is a felony. (Pen. Code, § 17, subd. (a).)

The money laundering statute, Penal Code section 186.10, further states, in subdivision (c)(1), that when a person is "punished under subdivision (a) [of the same section] by imprisonment in the state prison," that person "shall also be subject to an additional term of imprisonment," if the value of the money laundering transaction or transactions exceeds certain monetary amounts. If the value of the transaction or transactions exceeds $2.5 million, the additional term of imprisonment is four years. (Pen. Code, § 186.10, subd. (c)(1)(D).) Under California's determinate sentencing laws, additional terms of this sort are known as enhancements. (Cal. Rules of Court, rule 4.405(c); *People v. Briceno* (2004) 34 Cal.4th 451, 460, fn. 7 [20 Cal.Rptr.3d 418, 99 P.3d 1007].)

Having reviewed the relevant punishment provisions for the crime of money laundering, including the sentence enhancements for high-value transactions, I now turn to the punishment provisions for the crime of conspiracy.

Under subdivision (a) of Penal Code section 182, when "two or more persons conspire" to commit a felony, they "shall be punishable in the same manner and to the same extent as is provided for the punishment of that felony." Under this provision, therefore, a person convicted of conspiracy to engage in felony money laundering is to be punished "in the same manner and to the same extent as is provided for the punishment of" felony money laundering. This necessarily includes the alternative prison terms of 16 months, two years, or three years prescribed by subdivision (a) of Penal Code section 186.10. But does it also include the high-value-transaction enhancements under subdivision (c) of that section? That is the issue here.

When resolving an issue of statutory construction, a court's goal is to ascertain and effectuate the intent of the enacting legislative body, and the first step is to examine the statutory text, which is generally the most reliable indicator of legislative intent, giving the words their usual and ordinary meaning. (*People v. Hernandez* (2003) 30 Cal.4th 835, 865 [134 Cal.Rptr.2d 602, 69 P.3d 446].) If the statutory language is unambiguous, in the sense that it is not reasonably susceptible of more than one meaning on the question at issue, a court generally adopts that construction without further inquiry or analysis. (*People v. Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713].) If the language is ambiguous, a court may consult extrinsic sources and use a variety of interpretive techniques and construction rules to resolve the ambiguity. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94 [86 Cal.Rptr.2d 893, 980 P.2d 441].)

On the question at issue here, Penal Code section 182 would be unambiguous if it expressly stated, for example, that conspiracy to commit a felony is punishable "in the same manner and to the same extent" as the target felony is punishable, "*including any enhancement.*" Language like that appears in the "Three Strikes" law, which provides that the minimum term for an indeterminate life term imposed on a third strike defendant is the greatest of three alternatives, one of which is "[t]he term . . . for the underlying conviction, *including any enhancement* . . . ." (Pen. Code, § 667, subd. (e)(2)(A)(iii), italics added.) The absence of similar wording in Penal Code section 182, although not conclusive, is sufficient to raise a doubt about the underlying legislative intent.

The provision of Penal Code section 182 making conspiracy to commit a felony punishable "in the same manner and to the same extent as is provided for the punishment of that felony" is reasonably susceptible of more than one meaning. It could mean either that conspiracy to commit a felony is punishable in the same manner and to the same extent as the target felony alone, excluding punishments that a trial court may impose only when the trier of fact has made additional findings beyond the essential elements of the target felony itself, or it could mean that conspiracy to commit a felony is punishable by the full range of punishments available for the target felony, including punishments that may be imposed only after additional findings are made. Neither of these constructions, however, is entirely and unfailingly correct.

Conspiracy to commit a felony is not *always* punishable by the full range of punishments available for the target felony, including punishments that may be imposed only after additional findings are made. For example, the full range of punishments for murder includes death and imprisonment for life without possibility of parole (Pen. Code, § 190, subd. (a)), yet neither of

those punishments may be imposed for a conspiracy to commit murder. (*People v. Hernandez, supra,* 30 Cal.4th at pp. 865–870.) But neither is it correct to say that the punishments that may be imposed for conspiracy to commit a felony are limited to those that could be imposed for the target felony alone and may *never* include punishments that could be imposed only upon the making of additional findings. For example, Health and Safety Code section 11370.4 establishes enhancements for certain felonies involving illegal drugs, based on the weight of the illegal drug involved in the crime, and it expressly makes these enhancements applicable to anyone "convicted of a violation of, *or of a conspiracy to violate*" any of the listed drug offenses. (Health & Saf. Code, § 11370.4, subds. (a), (b), italics added.)

What conclusions may one draw about the proper interpretation of Penal Code section 182's provision making conspiracy to commit a felony punishable "in the same manner and to the same extent as is provided for the punishment of that felony"? The conclusions one must draw are, first, that the punishments a court may impose for conspiracy to commit a felony *sometimes but not always* include punishments, such as enhancements, that require findings beyond the essential elements of the target felony itself, and, second, that whether a court may impose an enhanced or increased punishment of this sort requires construction and analysis of the punishment provisions relating to the target felony. Accordingly, I turn my attention to the punishment provisions for the crime of money laundering.

On the question at issue here, Penal Code section 186.10, subdivision (c), would be unambiguous if it expressly stated, for example, that the transaction-value enhancements applied not only to the crime of money laundering, but also to the crime of conspiracy to engage in money laundering. As I mentioned earlier, language like that appears in the statutory provisions that establish weight enhancements for certain illegal drug crimes and make those enhancements expressly applicable to anyone "convicted of a . . . conspiracy to violate" any of the listed drug offenses. (Health & Saf. Code, § 11370.4, subds. (a), (b).) The absence of similar wording in Penal Code section 186.10, subdivision (c), although not conclusive, is sufficient to raise a doubt that the Legislature intended that the money laundering high-value enhancements could be applied to a conviction for conspiracy. This doubt derives from the rule of statutory construction that when the Legislature uses a critical word or phrase in one statute, the omission of that word or phrase in another statute dealing with the same general subject generally shows a different legislative intent. (*In re Jennings* (2004) 34 Cal.4th 254, 273 [17 Cal.Rptr.3d 645, 95 P.3d 906]; *In re Young* (2004) 32 Cal.4th 900, 907 [12 Cal.Rptr.3d 48, 87 P.3d 797].)

Like the majority, I have reviewed the legislative history of Penal Code section 186.10 relating to the high-value-transaction enhancements for money

laundering. But I find nothing in the available documents showing that the Legislature considered whether those enhancements should apply to conspiracy convictions or that it formed or expressed any intent on that question.

The majority relies in part on *People v. Kramer* (2002) 29 Cal.4th 720 [128 Cal.Rptr.2d 407, 59 P.3d 738], in which this court construed the language of Penal Code section 654 stating that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for *the longest potential term of imprisonment . . . .*" (Italics added.) Relying on the statute's purpose and legislative history, as well as its wording, this court concluded that the italicized words included enhancements. (*People v. Kramer,* at pp. 723–724.) But very similar language in another provision of the Penal Code has received a very different construction. For a defendant with one prior conviction that qualifies as a "strike," the Three Strikes law provides that "the determinate term . . . shall be twice *the term otherwise provided as punishment for the current felony.*" (Pen. Code, § 667, subd. (e)(1).) The italicized language in this provision has been construed as *not* including enhancements. (*People v. Hardy* (1999) 73 Cal.App.4th 1429, 1433 [87 Cal.Rptr.2d 278, 87 Cal.Rptr.2d 279]; *People v. Dominguez* (1995) 38 Cal.App.4th 410, 424 [45 Cal.Rptr.2d 153].) Thus, consideration of similar language in other sentencing laws provides no conclusive or satisfactory resolution of the ambiguity at issue here.

The majority also relies in part on the wording of subdivision (c) of Penal Code section 186.10, the money-laundering statute, which states that the high-value-transaction enhancements apply to anyone "who is punished *under* subdivision (a) by imprisonment in the state prison." (Italics added.) The majority adopts as its own the People's argument that a person who is convicted of conspiracy to engage in money laundering, and who is sentenced to state prison for that crime, has necessarily been punished "under" subdivision (a) of Penal Code section 186.10. Well, yes and no. Because the conspiracy statute requires that persons convicted of that crime be punished "in the same manner and to the same extent" as persons convicted of the target crime, one could say, with equal accuracy, that a defendant who has received a state prison sentence for money laundering has been punished "under" the money-laundering statute or "under" the conspiracy statute. The language is reasonably susceptible of either meaning.

In this situation, I would apply the rule of lenity, a rule of construction for laws relating to crimes and punishments. That rule states that when "two reasonable interpretations of the same provision stand in relative equipoise, i.e., . . . resolution of the statute's ambiguities in a convincing manner is impracticable," a court adopts the interpretation that is more favorable to the defendant. (*People v. Jones* (1988) 46 Cal.3d 585, 599 [250 Cal.Rptr. 635,

758 P.2d 1165]; accord, *People v. Hernandez, supra,* 30 Cal.4th at p. 869.) Because the statutory provisions at issue here are ambiguous, and this ambiguity cannot otherwise be convincingly resolved, I would construe them as not allowing a court to impose a high-value-transaction enhancement when the defendant has not been convicted of money laundering, but instead of conspiracy to engage in money laundering.

For this reason, I would reverse the Court of Appeal's judgment.

Moreno, J., concurred.