Filed 9/28/22  P. v. Gray CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B317083 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA446306) |
| v. | |
| THOMAS SHAULT GRAY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Reversed and remanded with directions.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

In 2018 a jury convicted Thomas Shault Gray of attempted robbery, attempted voluntary manslaughter, and shooting at an occupied motor vehicle. The jury found true the gang allegation on the attempted robbery count and the firearm allegations on the counts for attempted manslaughter and shooting at an occupied motor vehicle. On appeal, we affirmed the judgments of conviction but reversed the sentence based on multiple sentencing errors. (*People v. Gray* (Feb. 23, 2021, B297332) [nonpub. opn.] (*Gray I*).) On remand, the trial court resentenced Gray, imposing the same sentence of 17 years eight months. Gray again appealed.

Gray contends, the People concede, and we agree the trial court erred in imposing the firearm enhancement under Penal Code section 12022.5, subdivision (a),[1] on count 3 for shooting at an occupied motor vehicle. However, the People argue Gray forfeited his challenge to imposition of the firearm enhancement because he did not argue in his first appeal that section 12022.5, subdivision (a), did not apply to the offense, and further, Gray agreed with the People that the trial court should have imposed the section 12022.5, subdivision (a), firearm enhancement instead of the firearm enhancement under section 12022.53, subdivision (b). We reject the People's contention, again reverse the sentence, and remand for a full resentencing hearing.

Gray also contends and we agree the trial court must consider on remand retroactive changes to the law that have taken effect since the initial resentencing hearing, including but not limited to changes to section 1170, subdivision (b), enacted by

---

[1] Further undesignated statutory references are to the Penal Code.

Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, §§ 1.3, 3(c)) (Senate Bill 567) and Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, §§ 5-6) (Assembly Bill 124). Further, Gray is entitled to custody credit for the actual time he spent in custody from the time of his arrest up to and including the new resentencing date. Gray also argues, the People concede, and we agree the trial court erred in imposing a $10 crime prevention fine for his attempted robbery conviction. Further, Gray asserts the trial court erred in imposing fines and fees that were not orally pronounced and he does not have the ability to pay the assessments, fines, and fees that were imposed.

We agree the court must afford Gray an opportunity at the resentencing hearing on remand to request a hearing and present evidence demonstrating his inability to pay the assessments, fines, and fees that were imposed or suspended. (*People v. Belloso* (2019) 42 Cal.App.5th 647, 662, review granted Mar. 11, 2020, S259755; *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168-1169, 1172). In addition, the trial court must ensure the minute order and abstract of judgment correctly reflect Gray's conviction for attempted second degree robbery, any enhancements imposed, and the oral pronouncement of assessments, fines, and fees.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Trial, Sentencing, and Prior Appeal*

As we described in our opinion in *Gray I, supra*, B297332, on the afternoon of April 29, 2016 Dareante Fisher and his girlfriend, Christina Antonio, went in Antonio's car to shop for jewelry. After Fisher and Antonio left the store, a few blocks

3

away Dwayne Seymore (with Gray in the passenger seat) rear-ended Antonio's car.  Fisher exited Antonio's car to check for damage, and Seymore ran up to Fisher and attempted to steal his gold chains.  Fisher pulled his BB gun from his waistband and pointed it at Seymore.  Seymore fled, and Gray exited Seymore's car with a gun.  Gray crouched behind Seymore's car door and fired approximately three shots at Fisher.  One shot hit Fisher in the knee, and two shots hit Antonio's car.  Police officers heard the gunshots and saw Gray shooting at Fisher.  One detective returned fire.  Gray climbed into the driver's seat of Seymore's car and drove away.

A jury found Gray guilty of attempted robbery (count 1; §§ 211, 664), attempted voluntary manslaughter as a lesser included offense of attempted murder (count 2; §§ 187, subd. (a), 664), and shooting at an occupied motor vehicle (count 3; § 246).  The jury found the gang allegations true on count 1 (§ 186.22, subds. (b)(1)(C) & (b)(5)) and the firearm allegations true on counts 2 (§ 12022.5) and 3 (§ 12022.53, subds. (b)-(d)).

On April 10, 2019 the trial court sentenced Gray to an aggregate term of 17 years eight months in state prison.  The court selected count 3 for shooting at an occupied motor vehicle as the base term and imposed the upper term of seven years, plus 10 years for the firearm enhancement under section 12022.53, subdivision (b).  The court exercised its discretion not to impose a life term under section 12022.53, subdivision (d).  On count 1 for attempted robbery, the court imposed a consecutive term of eight months (one-third of the middle term of two years) and imposed and stayed the five-year gang enhancement under section 186.22, subdivision (b)(1)(B). On count 2 for attempted voluntarily manslaughter, the court imposed and stayed under section 654 a

consecutive term of two years four months, comprised of the middle term of one year for attempted voluntary manslaughter, plus the middle term for the firearm enhancement of one year four months.  In imposing the sentence, the trial court observed that Gray and Seymore were prepared to "do whatever is necessary to carry out the plan."  The court continued, "I cannot, and I will not subject the public to any further violence or crime from these two defendants."

On appeal, we affirmed the convictions but reversed the judgment based on sentencing errors.  (*Gray I, supra*, B297332.)  We reversed the jury's true findings on the firearm enhancements for shooting at an occupied motor vehicle under section 12022.53, subdivisions (b) and (c), and the 10-year sentence enhancement imposed under subdivision (b).  We reasoned shooting at an occupied motor vehicle (§ 246) is not an offense identified in section 12022.53, subdivision (a), and thus is not subject to enhancements under section 12022.53, subdivisions (b) and (c).  We noted that Gray and the People agreed that the 10-year firearm enhancement under section 12022.5, subdivision (a), should be imposed instead, which would result in the same sentence imposed by the trial court.  However, we concluded "the trial court is best positioned to evaluate Gray's conduct and determine his sentence on remand, including whether a three-, four-, or 10-year firearm enhancement is appropriate."

With respect to the jury's findings on the gang enhancements for attempted robbery under section 186.22, subdivisions (b)(1)(C) and (b)(5), we concluded the findings were erroneous because attempted robbery is not a violent felony under section 186.22, subdivision (b)(1)(C), and further, the offense does not carry a life sentence that would make section

5

186.22, subdivision (b)(5), apply.  Instead, the five-year gang enhancement for serious felonies under section 186.22, subdivision (b)(1)(B), applied.  Further, the court erred in staying the sentence because it lacked this authority.  We remanded for the court to impose or strike the gang enhancement.

B.    *Resentencing by the Trial Court*

The trial court resentenced Gray on December 9, 2021.  The court stated as to the firearm enhancement it had imposed on count 3 for shooting at an occupied motor vehicle, "The instruction of the remittitur is [to] resentence the defendant and make a finding that the enhancement that I used in the original sentence was not the appropriate enhancement.  I cannot attach a [section] 12022.53 enhancement to the underlying charge. Hence, the appellate court has indicated that, pursuant to case law, and pursuant to the facts in this case that were presented at the jury trial to the jurors that the finding of [section] 12022.53 as true by the jurors also can attach to a finding of true to the enhancement of a [section] 12022.5.  ¶  . . .  ¶  Therefore, the sentence would be the original sentence, which we had previously, of 17 years.  It does not change the sentence at all. The sentence remains as previous."[2]  The court also struck the gang enhancement pursuant to section 186.22, former subdivision (g).

Gray timely appealed.

---

[2]    The trial court later clarified the sentence remained 17 years eight months.  The minute order states, "The allegation pursuant to Penal Code section 12022.53(b) is amended to Penal Code section 12022.5(a) imposing the 10 years."

6

A.    *The Trial Court Erred in Imposing the Firearm Enhancement Under Section 12022.5, Subdivision (a), on Count 3*

Gray contends, the People concede, and we agree the trial court erred in imposing the firearm enhancement under section 12022.5, subdivision (a), on count 3 for shooting at an occupied motor vehicle because that firearm enhancement does not apply to a conviction for shooting at an occupied motor vehicle. With exceptions not relevant here, section 12022.5, subdivision (a), provides, "[A]ny person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in state prison for 3, 4, or 10 years, *unless use of a firearm is an element of that offense*." (Italics added.) Firearm use is an element of the offense of shooting at an occupied motor vehicle. (See § 246 ["[a]ny person who shall maliciously and willfully discharge a firearm at an . . . occupied motor vehicle . . . is guilty of a felony"]; *People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1527 ["firearm use is a necessary element of the offense of discharging a firearm at an occupied motor vehicle"].) Therefore, the firearm enhancement under section 12022.5, subdivision (a), cannot be imposed on count 3. (*People v. Athar* (2005) 36 Cal.4th 396, 402 ["the section 245, subdivision (a)(2), count was eligible for the firearm-use enhancement of section 12022.5, subdivision (a), while the section 246 count was not"]; *People v. Kramer* (2002) 29 Cal.4th 720, 723, fn. 2 [section 12022.5, subdivision (a), "provides generally that the enhancement does not apply if firearm use is an element of the underlying offense, which

7

precludes its application to the crime of discharging a firearm at an occupied vehicle"].)

The trial court's imposition of the section 12022.5, subdivision (a), enhancement on count 3 is an unauthorized sentence that may be corrected even though it was raised for the first time in this appeal. "An unauthorized sentence or one in excess of jurisdiction is a sentence that 'could not lawfully be imposed under any circumstance in the particular case.'" (*In re G.C.* (2020) 8 Cal.5th 1119, 1130; accord, *People v. Rivera* (2019) 7 Cal.5th 306, 348.) "The unauthorized sentence doctrine is designed to provide relief from forfeiture for 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings.'" (*People v. Anderson* (2020) 9 Cal.5th 946, 962; accord, *G.C.*, at p. 1130 ["The rule exists because correction of sentencing error that is evident from the record and needing no redetermination of facts does not significantly impact the state's interest in finality of judgments."].)

The People contend Gray forfeited his challenge to the unauthorized sentence and invited error because Gray argued in Gray *I* that the 10-year section 12022.5, subdivision (a), enhancement should be imposed on count 3 instead of the enhancement under section 12022.53, subdivision (b). The People rely on *People v. Hester* (2000) 22 Cal.4th 290, 295, in which the Supreme Court held defendants may not challenge an unauthorized sentence on appeal if they fail to object below "[w]here the defendants have pleaded guilty in return for a *specified* sentence" because "defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate

process." However, as the People acknowledge, the sentence here was imposed following a trial, not a plea bargain. Thus, Gray did not bargain for or receive any benefit from the imposition of the 10-year section 12022.5, subdivision (a), enhancement because it resulted in the same aggregate term of 17 years eight months at resentencing.

The People also argue the law of the case doctrine bars review of the unauthorized sentence. "Under the doctrine of the law of the case, a principle or rule that a reviewing court states in an opinion and that is necessary to the reviewing court's decision must be applied throughout all later proceedings in the same case, both in the trial court and on a later appeal." (*People v. Jurado* (2006) 38 Cal.4th 72, 94; accord, *People v. Turner* (2004) 34 Cal.4th 406, 417.) "[B]ut we do not apply [the doctrine] when an intervening decision has altered or clarified the controlling rules of law, or when the rule stated in the prior decision was a "'manifest misapplication'" of the law resulting in "substantial injustice."'" (*Jurado*, at p. 94; see *Turner*, at p. 417.) Here, the law of case doctrine does not apply because imposition of the 10-year section 12022.5, subdivision (a), enhancement on count 3 is a misapplication of law that results in a substantial injustice.

We reverse the 10-year section 12022.5, subdivision (a), enhancement on count 3 and remand for full resentencing. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant."]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'"].)

9

B.    *At the Resentencing Hearing, the Trial Court Must Apply Amended Section 1170, Subdivision (b), and Other Ameliorative Changes in the Law*

"Senate Bill 567 amended section 1170, subdivision (b) to specify that, when a sentencing court chooses a term from a statutory triad, the chosen term shall not exceed the middle term, unless the facts supporting the aggravating circumstances are (1) established by the defendant's stipulation to them, (2) proven to a jury (or to a court, if jury is waived) beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified record of conviction. (Stats. 2021, ch. 731, §§ 1.3, 3(c), adding Pen. Code, § 1170, subd. (b)(1)-(3), by amendment.)" (*People v. Jones* (2022) 79 Cal.App.5th 37, 44; accord, *People v. Lopez* (2022) 78 Cal.App.5th 459, 464.)

In addition, "Assembly Bill 124 made a low-term sentence presumptively appropriate under specified circumstances, including where the defendant's experience of psychological or physical trauma was a 'contributing factor' to the defendant's commission of the offense. (§ 1170, subd. (b)(6)(A).) Where the presumption applies, the trial court may impose a higher sentence only if it finds 'the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice.' (§ 1170, subd. (b)(6).) Even where the presumption does not apply because there is no evidence that the circumstances listed in paragraph (6) are present, the trial court retains discretion to impose the lower term. (§ 1170, subd. (b)(7).)" (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1095; accord, *People v Banner* (2022) 77 Cal.App.5th 226, 239.)

10

Gray contends, the People concede, and we agree Senate Bill 567 and Assembly Bill 124 apply retroactively to Gray's nonfinal convictions because they took effect while Gray's appeal was pending.  (See *People v. Gerson, supra*, 80 Cal.App.5th at p. 1095 ["Assembly Bill 124 applies retroactively to nonfinal cases on direct appeal."]; *People v. Jones, supra*, 79 Cal.App.5th at p. 45 [defendant was "entitled to retroactive application of the ameliorative changes effected by Senate Bill 567"]; *People v. Lopez, supra*, 78 Cal.App.5th at p. 465 [Senate Bill 567 applies retroactively]; *People v Banner, supra*, 77 Cal.App.5th at p. 240 ["We agree with the parties Assembly Bill 124 applies retroactively to nonfinal cases on direct appeal."]; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 ["The People correctly concede the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal."]; see *In re Estrada* (1965) 63 Cal.2d 740, 745.)

The People argue, however, that remand is not necessary because the trial court primarily relied on Gray's prior criminal convictions in imposing the upper term of seven years on count 3 for shooting at an occupied motor vehicle, which is still a valid basis for imposition of the upper term under section 1170, subdivision (b)(3).  Because we remand for a full resentencing, we do not reach the People's contention.  On remand, in resentencing Gray, the trial court must consider the amendments to section 1170, subdivision (b).[3]

---

[3]     The trial court on remand must also consider other retroactive changes to the law since the initial sentencing.  This

includes Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1), which in 2021 "amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674; see *People v. Flowers* (2022) 81 Cal.App.5th 680, 686.) Further, Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441) amended section 654. Under former section 654, subdivision (a), if the defendant could be punished in multiple ways under different provisions of law, trial courts were required to sentence the defendant under the provision that provided for the longest potential term of imprisonment and to stay execution of the other terms. Assembly Bill No. 518 removed the requirement to impose the longest prison term and deleted the reference to a stay of the other terms, leaving trial courts with discretion to select the term to impose. (See *Sek*, at p. 673; accord, *People v. Jones, supra*, 79 Cal.App.5th at p. 45.) In addition, if the trial court on remand considers imposing the gang enhancement on count 1 for attempted robbery, as suggested by the People, the new requirements for the gang enhancement established by Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699) would need to be met, potentially requiring a new trial. Assembly Bill No. 333 "'adds new elements to the substantive offense and enhancements in section 186.22—for example, by requiring proof that gang members "collectively engage" in a pattern of criminal gang activity, that the predicate offenses were committed by gang members, that the predicate offenses benefitted the gang, and that the predicate and underlying offenses provided more than a reputational benefit to the gang . . . .'" (*People v. Tran* (Aug. 29, 2022, S165998) 2022 Cal. LEXIS 5119, *52-53; accord, *People v. Delgado* (2022) 74 Cal.App.5th 1067, 1087; *Sek*, at p. 665.) As the Supreme Court recently held in *Tran*, the substantive changes to the elements of

12

C.    *The Trial Court Must Recalculate Gray's Custody Credits*

Gray contends and we agree that the trial court erred in not including in calculation of Gray's custody credits the actual time he spent in custody (including in prison) prior to the resentencing hearing.  "When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.'" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23; accord, *People v. Sek* (2022) 74 Cal.App.5th 657, 673; see § 2900.1 ["Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."].)

At the April 10, 2019 sentencing, Gray was awarded 1,239 days of presentence custody credit comprised of 1,077 actual days, plus 162 days conduct credits.  When Gray's attorney inquired at the December 9, 2021 resentencing hearing whether Gray's custody credits should be modified, the trial court responded, "We're not touching the custody credits because they are calculated from the date he was sentenced, and those remain."  This was error.  On remand, the court must recalculate

a gang enhancement apply retroactively.  (*Tran*, at p. *52; see *Delgado*, at p. 1087.)

13

Gray's presentence custody credits to reflect the actual days of custody from his arrest on April 29, 2016 up to and including the new resentencing date. (*People v. Denman* (2013) 218 Cal.App.4th 800, 814 ["Calculation of custody credit begins on the day of arrest and continues through the day of sentencing."]; see § 2900.5, subd. (a) ["In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, . . . all days of custody of the defendant, . . . shall be credited upon his or her term of imprisonment."].)

The People's contention that Gray was not entitled to additional custody credits confuses credit for actual time served with conduct credits. With respect to his time in custody following the initial sentencing, Gray was entitled to actual custody time but not conduct credits. As the *Buckhalter* court explained, when a trial court resentences a convicted felon following a remand to correct sentencing errors, the defendant "cannot earn good behavior credits under the formula specifically applicable to persons detained in a local facility, or under equivalent circumstances elsewhere, 'prior to the imposition of sentence' for a felony. [Citations.] Instead, any credits beyond *actual custody time* may be earned, if at all, only under the so-called worktime system separately applicable to convicted felons serving their sentences in prison." (*Buckhalter, supra*, 26 Cal.4th at p. 23.)

D.	*On Remand, the Trial Court Must Impose Only Applicable Assessments, Fines, and Fees and Afford Gray an Opportunity To Request an Ability-to-pay Hearing*

Gray contends the trial court erred in imposing fines and fees that were not orally pronounced by the trial court and a fine that does not apply to attempted robbery. Further, Gray argues he does not have the ability to pay the assessments, fines and fees that were imposed. The People assert, among other arguments, that Gray forfeited his arguments by not raising them below. We need not reach forfeiture because on remand the trial court must impose only the applicable assessments, fines, and fees; state on the record what it is imposing; and afford Gray an opportunity to request an ability-to-pay hearing.

The trial court imposed a $120 court operations assessment ($40 per count) (§ 1465.8, subd. (a)(1)), a $90 criminal conviction assessment ($30 per count) (Gov. Code, § 70373), and a $10 crime prevention fine (§ 1202.5, subd. (a)). The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)) and suspended a parole revocation fine in the same amount (§ 1202.45).

Gray argues, the People concede, and we agree the trial court erred in imposing the $10 crime prevention fine (§ 1202.5) based on Gray's attempted robbery conviction. (*People v. Jefferson* (2016) 248 Cal.App.4th 660, 663 ["*attempted* robbery is not among the enumerated offenses for which a local crime prevention programs fine may be imposed"].) The minute order also listed fines, fees, and assessments not orally imposed by the court, including a $2 criminal fine surcharge (§ 1465.7), a $26 penalty assessment, and a $3 DNA assessment, although the fines were correctly deleted from the abstract of judgment. On remand, the court should ensure that only the correct

15

assessments, fines, and fees are imposed, and that it orally states what will be imposed.

Gray also contends he is unable to pay the assessments, fines, and fees because he uses a wheelchair and is indigent. Gray is entitled at the resentencing hearing to request a hearing and present evidence demonstrating his inability to pay the assessments, fines, and fees that are imposed or suspended. (*People v. Belloso, supra*, 42 Cal.App.5th at p. 662, review granted Mar. 11, 2020, S259755; *People v. Dueñas, supra*, 30 Cal.App.5th at pp. 1168-1169, 1172.)[4]

## DISPOSITION

The trial court's imposition of the firearm enhancement under section 12022.5, subdivision (a), on count 3 for shooting at an occupied motor vehicle and the $10 crime prevention fine (§ 1202.5) on count 1 for attempted robbery are reversed. We remand for full resentencing consistent with this opinion. At the resentencing hearing, the court must consider applicable retroactive changes in the law since the last resentencing hearing, including but not limited to amendments pursuant to Senate Bill Nos. 567 and 81 and Assembly Bill Nos. 124, 518, and 333. The court must also recalculate the custody credits to

---

[4] Gray further argues the abstract of judgment must be corrected to reflect a conviction for attempted second degree robbery (not second degree robbery) and to delete the gang enhancement on count 1, which was orally stricken by the trial court. On remand the trial court must ensure the abstract of judgment correctly reflects Gray's conviction for attempted second degree robbery and any enhancements imposed.

include the actual time Gray spent in custody from his arrest up to and including the date of the new resentencing hearing. Further, the court must afford Gray an opportunity to request a hearing and present evidence demonstrating his inability to pay the assessments, fines, and fees that are imposed or suspended. In addition, the court must ensure the minute order and the abstract of judgment correctly reflect Gray's conviction for attempted second degree robbery, any enhancements imposed, and the oral pronouncement of assessments, fines, and fees.


FEUER, J.


We concur:


PERLUSS, P. J.


SEGAL, J.

17