Filed 5/10/22  P. v. Mulato CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARTIN F. MULATO,<br><br>    Defendant and Appellant. | F081891<br><br>(Super. Ct. No. CRF55581)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P. J., Meehan, J. and DeSantos, J.

**PROCEDURAL BACKGROUND**

In 2017, defendant Martin F. Mulato and a codefendant, both inmates, were involved in a fight against a third inmate, whom they struck multiple times with their fists. The victim had minor injuries to his face and body, and he was transported to the hospital due to temporary loss of consciousness, but no further injuries were reported.

Defendant was charged with two felonies, assault by a prisoner with a deadly weapon (fists) and with force likely to produce great bodily injury (GBI), with an attached sentence enhancement for personal infliction of GBI (count 1),[1] and battery with infliction of serious bodily injury (count 2). (Pen. Code, §§ 4501, 12022.7, subd. (a), 243, subd. (d).[2] The information also alleged that defendant suffered one prior serious or violent felony conviction within the meaning of the "Three Strikes" law. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)[3]

The parties were unable to reach a plea agreement and the matter was confirmed for trial. On the morning of trial, defendant entered an open plea of guilty to counts 1 and 2, and he admitted the sentence enhancement and prior strike conviction as charged.

Thereafter, defendant filed a *Romero* motion requesting the trial court strike the prior felony conviction allegation, which the prosecutor opposed. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–530 (*Romero*) [trial court may strike prior felony conviction allegation on its own motion under § 1385].) Defendant then hired a new attorney, who filed a motion to set aside the information and a motion to withdraw from the plea, which the prosecutor also opposed. (§§ 995, 1018.) The record reflects the trial court declined to hear the motion to set aside the information because it was

---

[1]     The complaint, which was deemed the information, was amended by interlineation to reflect that the sentence enhancement was attached to count 1.

[2]     All further statutory references are to the Penal Code unless otherwise stated.

[3]     Defendant was convicted in 2006 of gross vehicular manslaughter while intoxicated. (§ 191.5.)

previously brought and denied, and it denied defendant's motion to withdraw from the plea. Defendant then renewed his *Romero* motion.

At a subsequent hearing, the trial court purported to grant the *Romero* motion under former section 1385,[4] but its ruling expressly struck the punishment under the section 12022.7 GBI enhancement. Approximately one month later, the trial court sentenced defendant to the middle term of four years on count 1, plus an additional three years for the GBI enhancement. On count 2, the court imposed the middle term of three years, to run concurrently with the term on count 1. The court also imposed a restitution fine of $2,700 under section 1202.4, subdivision (b)(1), and a parole revocation restitution fine of $2,700 under section 1202.45, subdivision (a), suspended.

Defendant advances one claim on appeal. Pursuant to the decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant claims that counsel's failure to object to imposition of the restitution fine and parole revocation restitution fine constituted ineffective assistance of counsel and that counsel's error was prejudicial.[5] The People contend defendant has shown neither error nor prejudice.

Although not raised by the parties, the record reflects several errors resulting in imposition of an unauthorized sentence. The court expressly struck the punishment for the section 12022.7 GBI enhancement, but later imposed the three-year enhancement; the court failed to double defendant's base term under the Three Strikes law after it mistakenly recalled it previously struck the prior felony conviction; and the court

---

[4] As addressed in part I. of the discussion, section 1385 was amended by Senate Bill No. 81 effective January 1, 2022, Statutes 2021, chapter 721, section 1 (2021–2022 Reg. Sess.) (Senate Bill 81).

[5] In compliance with section 1237.2, appellate counsel represents that in March 2020, she sent a letter to the trial court requesting it stay the fines but did not receive any response.

imposed a concurrent term on count 2 instead of imposing and staying the sentence under section 654, former subdivision (a).[6]

An unauthorized sentence is "reviewable 'regardless of whether an objection or argument was raised in the trial and/or reviewing court.'" (*People v. Smith* (2001) 24 Cal.4th 849, 852, quoting *People v. Welch* (1993) 5 Cal.4th 228, 235; accord, *People v. Mendez* (2019) 7 Cal.5th 680, 716.) Therefore, we shall vacate defendant's sentence and remand this matter for a full resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)[7] The trial court shall clarify its discretionary sentencing choices under section 1385 and impose a sentence consistent with those choices, and shall impose and stay the sentence on one of the counts under section 654. Given the necessity of a full resentencing, defendant's claim that defense counsel was ineffective for failing to object to imposition of the restitution and parole revocation restitution fines is moot and we do not consider it.

## DISCUSSION

**I.      Resolution of *Romero* Motion and Sentence Imposed**

At the time of defendant's sentencing, section 1385, former subdivision (b), permitted the trial court to strike or dismiss an enhancement, or strike the punishment, in the interest of justice. The trial court was required to both impose the GBI enhancement under section 12022.7 and double defendant's sentence under the Three Strikes law, unless it determined that it was in the furtherance of justice to grant defendant relief from either or both under section 1385. (*People v. Carmony* (2004) 33 Cal.4th 367, 377 [Three Strikes sentencing scheme applies unless court concludes exception should be

---

[6]      As addressed in part II. of the Discussion, section 654 was amended by Assembly Bill No. 518 effective January 1, 2022, Statutes 2021, chapter 441, section 1 (2021–2022 Reg. Sess.) (Assembly Bill 518).

[7]      In addition to sections 1385 and 654, addressed in parts I. and II. of the Discussion, section 1170 was also amended by Senate Bill No. 567 effective January 1, 2022, Statutes 2021, chapter 731, section 1.3 (2021–2022 Reg. Sess.). (*People v. Banner* (2022) 77 Cal.App.5th 226, 240 [Sen. Bill No. 567 applies retroactively to all nonfinal cases].)

made]; *People v. Romero* (2019) 44 Cal.App.5th 381, 390 [GBI enhancement mandatory unless court grants relief under § 1385].)

Prior to sentencing, defense counsel filed a *Romero* motion requesting the trial court exercise its discretion to strike his prior felony conviction. During the subsequent hearing, the trial court stated it was deciding "the issue of striking the strike." However, the court ruled, "So the Court is going to exercise its discretion under … Section 1385[, subdivision ](c)(1) and strike the strike punishment for the enhancement under [section] 12022.7. The Court does not strike the allegation itself. The Court does this in the interest of justice, given the evidence of the limited injury to the victim and on the defendant's prospects for rehabilitation and lack of prior criminal activity." Approximately one month later, the trial court sentenced defendant. During the hearing, the court recollected that it had stricken defendant's prior strike conviction and it imposed the middle term of four years on count 1, plus an additional three years for the GBI enhancement. It also imposed a concurrent middle term of three years on count 2.

The failure to double defendant's base term and the imposition of the three-year enhancement are consistent with the court's mistaken recollection that it had granted defendant's *Romero* motion as to his prior felony conviction, but it is inconsistent with the court's express ruling. To the extent the trial court's prior statement may be interpreted in the alternative as indicating it intended to strike the prior felony conviction enhancement solely as it related to doubling of the GBI enhancement, that was also incorrect. "[E]nhancements are added after the determination of the base term and are not doubled." (*People v. Sok* (2010) 181 Cal.App.4th 88, 93; accord, *People v. Hardy* (1999) 73 Cal.App.4th 1429, 1433.)

Under section 1385, the court had the discretion to strike defendant's prior felony conviction for purposes of Three Strikes sentencing, as the record suggests it believed it had done. It also had the discretion under section 1385 to strike the GBI enhancement or the punishment for the enhancement. In light of the record in this case, the sentence must

5.

be vacated and the matter remanded to allow the trial court to clarify its discretionary sentencing choices under section 1385 and to impose a sentence consistent with its sentencing choices.

As amended by Senate Bill 81, section 1385, subdivision (c)(1), now provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  The parties and the trial court may address the amendment to section 1385 in the first instance on remand.  (*People v. Sek* (2022) 74 Cal.App.5th 657, 674 ["Because any resentencing in this case will take place after Senate Bill No. 81 became effective on January 1, 2022, … the court must apply the new law in any such proceeding."].)

## II.    Section 654

Next, section 654, former subdivision (a), in effect when defendant was sentenced, provided in relevant part, "An act or omission that is punishable in different ways by different provisions of law *shall be punished under the provision that provides for the longest potential term of imprisonment*, but in no case shall the act or omission be punished under more than one provision."  (Italics added.)  Where section 654 applies, "the trial court must impose a full term and stay execution of that term."  (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1198, citing *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469–1472.)

"Section 654 prohibits multiple punishment for a single physical act that violates different provisions of law" (*People v. Jones* (2012) 54 Cal.4th 350, 358), and defendant's assault and battery convictions arose from one fight involving one victim.  Therefore, at the time of defendant's sentencing in 2020, the court was required to apply section 654 to count 2 and its failure to do so resulted in an unauthorized sentence. (*People v. Scott* (1994) 9 Cal.4th 331, 354, fn. 17.)

6.

Assembly Bill 518 amended section 654 effective January 1, 2022.  As amended, section 654, subdivision (a), provides in relevant part, "An act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision."  (Italics added.)  On remand, the trial court must apply section 654 as amended to one of the two counts.  (*People v. Sek*, *supra*, 74 Cal.App.5th at pp. 673–674; accord, *People v. Mendoza* (2022) 74 Cal.App.5th 843, 861–862; *People v. Mani* (2022) 74 Cal.App.5th 343, 379–380.)  The selection of which count to stay rests within the trial court's sound discretion.

### III.    Conviction for Violating Section 4501

Finally, the record in this case fails to specify whether defendant pleaded guilty to and was sentenced on section 4501, subdivision (a), assault with a deadly weapon, or section 4501, subdivision (b), assault with force likely to produce GBI.  The matter was treated broadly as a conviction for violating section 4501.  However, although the subdivisions carry the same sentencing triad of two, four, or six years, they are different offenses and violation of subdivision (a) of section 4501 is a serious felony within the meaning of the Three Strikes law while subdivision (b) is not.  (§§ 667, subd. (d)(1), 1192.7, subd. (c)(13.)  We recognize that the GBI enhancement attached to count 1 also elevates the section 4501 offense to a strike offense, as alleged in the information (§§ 667, subd. (d)(1), 667.5, subd. (c)(8), 1192.7, subd. (c)(8)), but the trial court has the discretion to strike the enhancement and on remand, it must consider the issue in the context of section 1385 as amended (*People v. Sek, supra*, 74 Cal.App.5th at p. 674).  As this matter shall be remanded for a full resentencing, we leave this issue for the parties and the trial court to address in the first instance on remand.

7.

## DISPOSITION

Defendant's sentence is vacated, and this matter is remanded for a full resentencing consistent with this opinion. Following resentencing, the trial court shall forward an amended abstract of judgment to the appropriate authorities.