Filed 7/21/25  P. v. Rodriguez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SANTIAGO AGUILAR RODRIGUEZ,<br><br>    Defendant and Appellant. | B337305<br><br>(Los Angeles County<br>Super. Ct. No. PA031120)<br><br>ORDER MODIFYING OPINION (NO CHANGE IN JUDGMENT); ORDER DENYING APPELLANT'S PETITION FOR REHEARING |

The opinion in the above-entitled matter filed on June 26, 2025 is modified as follows:

1. On page 9, a footnote is inserted at the end of part B of the Discussion following the sentence: "Because the disparate treatment of which defendant complains is supported by a rational basis, the defendant's equal protection argument fails."  The inserted footnote 5 shall read:

> **5** Rodriguez also asserts that section 3051 deprives him of equal protection because, as a young adult sentenced to LWOP, he is treated differently than young adults not sentenced to LWOP.  He concedes, however, that our Supreme Court recently rejected this argument in *Hardin, supra,* 15 Cal.5th 834, and

that we are bound to follow it under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455. Nevertheless, he raises the issue to preserve it "for purposes of eventual further review in the federal courts." We agree that we are bound to follow *Hardin* and therefore reject his additional argument.

2. The footnotes following the newly inserted footnote 5 shall be renumbered accordingly.

These modifications do not constitute a change in judgment.

Appellant's petition for rehearing filed on July 11, 2025 is denied.

_____

ROTHSCHILD, P. J.   BENDIX, J.   WEINGART, J.

Filed 6/26/25  P. v. Rodriguez CA2/1 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>SANTIAGO AGUILAR RODRIGUEZ,<br><br>  Defendant and Appellant. | B337305<br><br>(Los Angeles County<br>Super. Ct. No. PA031120) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed with directions.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General for Plaintiff and Respondent.

_____

Defendant Santiago Aguilar Rodriguez appeals from an order denying his motion for a *Franklin*[1] proceeding. He contends the statute that excludes him from a youth offender parole hearing violates his constitutional rights to equal protection of the laws. He also contends that his sentence of two terms of life without the possibility of parole (LWOP) for one murder is unauthorized. Lastly, he contends his sentence violates California's constitutional prohibition against cruel or unusual punishment. We reject his constitutional arguments but agree with him that only one LWOP sentence is authorized for a conviction of one count of murder. We therefore affirm the order denying the *Franklin* proceeding but strike the unauthorized LWOP sentence.

## FACTUAL SUMMARY AND PROCEDURAL HISTORY

In August 1998, defendant, then 25 years old, fired a handgun from inside a vehicle killing one person and wounding another. In January 2000, a jury convicted defendant of first degree murder (count 1; § 187, subd. (a)) and willful, deliberate, and premeditated attempted murder (count 2; §§ 664, 187, subd. (a)). The jury found true a special circumstance allegation that the defendant committed the murder "by means of discharging a firearm from a motor vehicle, intentionally at another person outside the vehicle." (See § 190.2, subd. (a)(21).) The jury also found true certain firearm enhancements. (Former § 12022.5, subd. (a)(1); §§ 12022.53, subd. (d), 12022.55.) He admitted a prior strike conviction for voluntary manslaughter.

---

[1] *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).

2

The court sentenced defendant to LWOP on the special circumstances murder conviction (§§ 190, subd. (a)), 190.2, subd. (a)), doubled under the "Three Strikes" law to two LWOP terms (former § 1170.12, subd. (c)(1); former § 667, subd. (e)(1)), plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d), and five years for a prior serious felony conviction under section 667, subdivision (a)(1). On the attempted murder conviction, the court sentenced defendant to life with the possibility of parole (§ 664, subd. (a)), doubled under the Three Strikes law (former § 1170.12, subd. (c)(1), former § 667, subd. (e)(1)), plus 10 years for the firearm enhancement under former section 12022.5, subdivision (a)(1). We affirmed the judgment in November 2002. (*People v. Rodriguez* (Nov. 25, 2002, B142910) [nonpub. opn.].)

On November 3, 2022, defendant filed a motion under section 1203.01 and *In re Cook* (2019) 7 Cal.5th 439, 451 (*Cook*) for a *Franklin* proceeding for the purpose of preserving mitigating evidence for use in a future youth offender parole hearing. Defendant also requested the appointment of counsel. Although youth offender parole hearings are statutorily unavailable to persons sentenced to LWOP who were 18 years or older at the time they committed their crimes (§ 3051, subd. (b)(4)), defendant argued that he is entitled to such a parole hearing and a *Franklin* proceeding based on federal and state constitutional equal protection guarantees.

The court appointed counsel for defendant, who filed a supplemental brief in support of defendant's motion.

On March 7, 2024, the court found that defendant is not eligible for a *Franklin* proceeding and denied defendant's motion. Defendant timely appealed.

# DISCUSSION

## A. *Correction of Unauthorized LWOP Sentence*

Under the Three Strikes law in effect when defendant committed his crimes, a defendant convicted of a felony who "has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." (Former § 667, subd. (e)(1) [Stats. 1994, ch. 12, § 1, p. 74]; former § 1170.12, subd. (c)(1) [Prop. 184, § 1, approved Nov. 8, 1994].) In *People v. Hardy* (1999) 73 Cal.App.4th 1429 (*Hardy*), Division Two of this court held that when the sentence for a crime is LWOP, this provision of the Three Strikes law doubles the sentence to two LWOP terms. (*Hardy*, *supra*, at p. 1434.) In accord with *Hardy*, the trial court sentenced defendant to two LWOP terms.

Other courts disagreed with or declined to follow *Hardy*. (See *People v. Smithson* (2000) 79 Cal.App.4th 480, 504; *People v. Mason* (2014) 232 Cal.App.4th 355, 369.) In *Smithson*, the court explained that under the one prior strike provision of the Three Strikes law, "only two types of sentence terms are doubled: a determinate term and the minimum term of an indeterminate term." (*Smithson*, *supra*, at p. 503.) "An LWOP sentence," however, "is an indeterminate sentence *without* a minimum term. . . . Because an LWOP sentence is not a determinate term and does not contain a minimum term, it is not subject to the doubling requirement." (*Smithson*, *supra*, at p. 503.)

In 2024, the same court and division that decided *Hardy* changed its view. (*People v. Mason* (2024) 105 Cal.App.5th 411, 416.) By agreeing with the "better reasoned" cases "holding that it is improper to double an LWOP sentence under the Three

4

Strikes Law" (*Mason*, *supra*, at p. 416), the court "harmonize[d] the law in California and [brought] uniformity (and hence certainty) to the law on this issue" (*id.* at p. 418). The Attorney General agrees with this view, as do we.

*Mason*, like the instant case, was an appeal from a postconviction order denying defendant's motion for a *Franklin* proceeding. Although the challenge to the defendant's original sentence was arguably too late and therefore beyond the court's jurisdiction, the court explained that an unauthorized sentence "may be corrected whenever the error is brought to a reviewing court's attention." (*Mason*, *supra*, 105 Cal.App.5th at p. 415; see *People v. Davis* (1981) 29 Cal.3d 814, 827, fn. 5 [if an unauthorized sentence "comes to [the court's] attention in a case pending before [the court], it is subject to correction"].) This principle applies here and, as in *Mason*, the Attorney General does not dispute that we can, and should, correct the sentence in this case. We therefore strike the second LWOP sentence on count 1, murder.

### B. *Youth Offender Parole Hearings and Equal Protection*

Under section 3051, a person who commits a crime when he or she is under 18 years of age and is sentenced for that crime to LWOP is entitled to a youth offender parole hearing and eligible for release on parole after 25 years of incarceration. (§ 3051, subd. (b)(4).) In *Franklin*, our state Supreme Court established that defendants who are entitled to receive a youth offender parole hearing in the future have the right to make a record of information that may be relevant to that future parole hearing. (*Franklin, supra*, 63 Cal.4th at p. 284.) Courts refer to this information-preserving opportunity as a "*Franklin*

hearing" (*Mason*, supra, 105 Cal.App.5th at p. 414) or "*Franklin* proceeding." (*Cook, supra*, 7 Cal.5th at p. 450.)[2] An incarcerated person whose judgment is "otherwise final" may file a motion under section 1203.01 for a *Franklin* proceeding if the person is "entitled" to a youth offender parole hearing. (*Cook, supra*, 7 Cal.5th at p. 451; see *id.* at p. 458 ["[t]he motion should establish the inmate's entitlement to a youth offender parole hearing"].)

The Legislature has determined that "an individual . . . sentenced to [LWOP] for a controlling offense that was committed after the person had attained 18 years of age" is not entitled to a youth offender parole hearing. (§ 3051, subd. (h); see *People v. Hardin* (2024) 15 Cal.5th 834, 839 (*Hardin*).)[3] The controlling

---

[2] In *Cook*, our Supreme Court explained that "*Franklin* processes are more properly called 'proceedings' rather than 'hearings.' A hearing generally involves definitive issues of law or fact to be determined with a decision rendered based on that determination. [Citations.] A proceeding is a broader term describing the form or manner of conducting judicial business before a court. [Citations.] While a judicial officer presides over a *Franklin* proceeding and regulates its conduct, the officer is not called upon to make findings of fact or render any final determination at the proceeding's conclusion." (*Cook, supra*, 7 Cal.5th at p. 450, fn. 3.)

[3] Section 3051, subdivision (h) also provides that where a person is sentenced pursuant to the Three Strikes law, he is not entitled to a youth offender parole hearing. Defendant argues that this provision does not apply to him because, as explained in part A, *ante*, the sentence for his controlling offense of murder under count 1 cannot be doubled under the Three Strikes law. He contends, therefore, that he was not sentenced on that count pursuant to the Three Strikes law for purposes of section 3051,

6

offense in this case is murder, for which defendant was sentenced to LWOP. (See § 3051, subd. (a)(1)(B).) Defendant murdered his victim when he was 25 years old. He is thus statutorily ineligible for a youth offender parole hearing and, accordingly, not entitled to a *Franklin* proceeding to preserve evidence for such a hearing.[4]

Defendant contends that denying these procedures to him deprives him of equal protection of the laws under the federal and state Constitutions because, as a young adult sentenced to LWOP, he is treated differently than juvenile offenders sentenced to LWOP. We disagree.

When, as here, a defendant challenges a law that distinguishes between identifiable groups or classes of persons on the basis that the distinctions are inconsistent with equal protection, the "pertinent inquiry is whether the challenged difference in treatment is adequately justified under the applicable standard of review. The burden is on the party challenging the law to show that it is not." (*Hardin*, *supra*, 15 Cal.5th at pp. 850–851.) Defendant and the Attorney General agree that the applicable standard for evaluating the defendant's equal protection challenge is whether there is a rational basis

---

subdivision (h). We do not address this contention because, regardless of whether defendant's LWOP sentence was imposed pursuant to the Three Strikes law, defendant is not eligible for a youth offender parole hearing because he was "sentenced to [LWOP] for a controlling offense." (§ 3051, subd. (h).)

[4] A person who is not eligible for a youth offender parole hearing but otherwise eligible for parole, may be entitled to a *Franklin* hearing. (See *People v. Delgado* (2022) 78 Cal.App.5th 95, 103–104.) Defendant, sentenced to LWOP, does not contend that he is otherwise eligible for parole.

7

for the Legislature's disparate treatment of individuals serving LWOP sentences who, like defendant, committed their crimes when they were adults and those who committed their crimes as juveniles. (Cf. *Hardin*, *supra*, 15 Cal.5th at p. 851.) This standard "sets a high bar before a law is deemed to lack even the minimal rationality necessary for it to survive constitutional scrutiny." (*People v. Chatman* (2018) 4 Cal.5th 277, 289.)

The Courts of Appeal that have considered this issue have unanimously upheld the disparate treatment defendant challenges. In *People v. Sands* (2021) 70 Cal.App.5th 193 (*Sands*), the court explained that "[t]he Legislature had a rational basis to distinguish between offenders with [LWOP sentences] based on their age. For juvenile offenders, such a sentence may violate the Eighth Amendment. [Citations.] But the same sentence does not violate the Eighth Amendment when imposed on an adult, even an adult under the age of 26." (*Sands*, *supra*, at p. 204.) The *Sands* court thus "agree[d] with the other courts of appeal that the Legislature could rationally decide to remedy unconstitutional sentences but go no further." (*Ibid.*; accord, *Mason*, *supra*, 105 Cal.App.5th at p. 415; *People v. Hardin* (2022) 84 Cal.App.5th 273, 285–286, revd. on other grounds by *Hardin, supra*, 15 Cal.5th 834; *In re Murray* (2021) 68 Cal.App.5th 456, 464; *People v. Morales* (2021) 67 Cal.App.5th 326, 347; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779–780.) We agree with these authorities and note that defendant does not cite any controlling contrary authority.

Defendant contends that the cited cases are wrongly decided and that considerations that have shaped the Supreme Court's Eighth Amendment jurisprudence concerning the punishment of juveniles—such as the juvenile defendant's lack

8

of maturity, undeveloped sense of responsibility, susceptibility to negative influences and outside pressures, and underdeveloped characters (see, e.g., *Miller v. Alabama* (2012) 567 U.S. 460, 469-472; *Roper v. Simmons* (2005) 543 U.S. 551, 569–570 (*Roper*); *Graham v. Florida* (2010) 560 U.S. 48, 68–69; *People v. Caballero* (2012) 55 Cal.4th 262, 268)—"should apply to [defendant], even though he was 25 years old" when he committed his crimes. State and federal courts, however, have determined that 18 years of age—"the point where society draws the line for many purposes between childhood and adulthood"—is the point where the Eighth Amendment compels different treatment of youth for the most severe sentences. (See *Roper*, *supra*, 543 U.S. at p. 574; accord, *People v. Gamache* (2010) 48 Cal.4th 347, 405 (*Gamache*) [the United States Supreme Court has drawn a "line, prohibiting the death penalty for those younger than 18 years of age, but not for those 18 years of age and older"].) This is a line the Legislature adopted in enacting section 3051 to address and render moot Eighth Amendment challenges to lengthy juvenile sentences. (*Franklin*, *supra*, 63 Cal.4th at pp. 276–277; *Hardin*, *supra*, 15 Cal.5th at p. 845.) As the *Sands* court concluded, in doing so "the Legislature could rationally decide to remedy unconstitutional sentences but go no further." (*Sands*, *supra*, 70 Cal.App.5th at p. 204.) Because the disparate treatment of which defendant complains is supported by a rational basis, the defendant's equal protection argument fails.

9

## C.  *Cruel or Unusual Punishment*

Defendant contends that his LWOP sentence violates our state constitutional prohibition against "[c]ruel or unusual punishment."  (Cal. Const., art. I, § 17.)[5]

As the Attorney General argues, defendant did not raise this issue below and has therefore forfeited the issue on appeal. (See *People v. Salazar* (2016) 63 Cal.4th 214, 239–240; *People v. Brewer* (2021) 65 Cal.App.5th 199, 212; *People v. Baker* (2018) 20 Cal.App.5th 711, 720.)  Moreover, defendant does not explain how his contention would have been relevant to the trial court's consideration of his motion for a *Franklin* proceeding or cognizable in this postconviction appeal from the denial of such a motion.

Even if the argument is properly before us, it is without merit.[6]  Punishment may violate the California Constitution if "it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424.)  Under *Lynch*, court may determine that a sentence is cruel or unusual under three "techniques":  (1) by examining the "nature of

---

[5] Although defendant discusses cases arising from the United States Constitution's Eighth Amendment guaranty against cruel and unusual punishment in connection with his equal protection argument, his separate argument that his sentence constitutes cruel or unusual punishment relies solely on the California Constitution's provision.

[6] Because we address and reject defendant's claim on the merits of his claim, we do not reach the question whether his trial counsel was constitutionally deficient for failing to raise the issue below.

the offense and/or the offender, with particular regard to the degree of danger both present to society" (*id.* at p. 425); (2) by "compar[ing] the challenged penalty with the punishments prescribed in the *same jurisdiction for different offenses*, which, by the same test, must be deemed more serious" (*id.* at p. 426); and (3) by comparing "the challenged penalty with the punishments prescribed for the same offense in other jurisdictions" (*id.* at p. 436).

Defendant concedes that his sentence "may not meet the three-part test set forth in *Lynch*," and he does not assert any argument that it does. Indeed, an LWOP sentence imposed on a 25-year-old for a premeditated murder with a special circumstance does not shock the conscience or offend fundamental notions of human dignity. The sentence is less severe than death sentences our state Supreme Court has upheld against individuals younger than defendant. (See *People v. Flores* (2020) 9 Cal.5th 371, 429–430 (*Flores*) [death penalty for defendants between 18 and 20 years old is not unconstitutional]; *People v. Powell* (2018) 6 Cal.5th 136, 191 (*Powell*) [death penalty for 18-year-old with "intellectual shortcomings" does not violate federal and state Constitutions]; *Gamache, supra*, 48 Cal.4th at p. 407 [death penalty imposed on defendant for murder committed when defendant was 18 years old and his "lengthy confinement under a sentence of death" does not violate California Constitution].)

Instead, defendant contends that the Legislature, in enacting section 3051, has rendered his LWOP sentence cruel or unusual by recognizing "the reduced culpability of offenders who commit their offenses in question before they become 26 years old and . . . for giving some such offenders youth

11

offender parole hearings at some point." That is, although his sentence was constitutional when imposed, it has become unconstitutional because the Legislature has since provided juvenile offenders and young adults sentenced to terms other than LWOP, but not him, with youth offender parole hearings. Defendant does not support the point with apposite authority and acknowledges that there is contrary authority, citing *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482 [rejecting argument that sentence was "categorically cruel and/or unusual" because defendant committed his crime just "five months after [his] 18th birthday"].) Defendant suggests, however, that *Argeta* is not persuasive because it was decided before the enactment of section 3051. Numerous recent Supreme Court and Court of Appeal decisions, however, have upheld death or LWOP sentences for young adults since the enactment of section 3051. (See *Flores*, *supra*, 9 Cal.5th at pp. 429–430 [death penalty for defendants between 18 and 20 years]; *Powell*, *supra*, 6 Cal.5th at p. 191 [death penalty for 18-year-old]; *Gamache*, *supra*, 48 Cal.4th at pp. 407–408 [same]; *People v. Ellis* (2024) 105 Cal.App.5th 536, 551 ["de facto LWOP sentence imposed on a young adult offender"]; *In re Williams* (2020) 57 Cal.App.5th 427, 438–439 [LWOP sentence for 21-year-old]; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1032 [LWOP sentence for 18-year-old]; *People v. Edwards* (2019) 34 Cal.App.5th 183, 190 [19-year-olds sentenced to de facto LWOP terms], disapproved on other grounds in *People v. Williams* (2024) 17 Cal.5th 99, 137, fn. 12; *People v. Perez* (2016) 3 Cal.App.5th 612, 617 [rejecting 20-year-old defendant's argument that his de facto LWOP sentence was unconstitutional].)

In his reply brief, defendant attempts to distinguish some of the cases cited above on the ground that they addressed arguments under the Eighth Amendment to the federal Constitution, which is concerned with "cruel and unusual punishment," not the disjunctive "[c]ruel or unusual punishment" provision in our state Constitution. (Compare U.S. Const., 8th Amend. with Cal. Const., art. I, § 17.) He does not, however, explain why courts should reach a different conclusion under our state Constitution; and, as noted above, he does not attempt to apply the *Lynch* techniques for analyzing violations of our state's constitutional provision.

For the foregoing reasons, we reject defendant's argument that his sentence violates California's prohibition against cruel or unusual punishment.

**DISPOSITION**

The order denying defendant's motion for a *Franklin* proceeding is affirmed.

The second of the two LWOP terms imposed on count 1 is stricken. The court is directed to prepare an amended abstract of judgment reflecting the imposition of only one LWOP term on count 1 and to send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.

14